REPUBLIC DEVELOPMENT CORP *v*
STATE TAX COMMISSION

TAXATION—STATE TAX COMMISSION—FINAL DECISIONS—REVIEW BY CIRCUIT COURT—JURISDICTION.
  Circuit courts do not have jurisdiction to review final decisions of the State Tax Commission (MCLA 24.312, 211.152).

Appeal from Wayne, John M. Wise, J. Submitted Division 1 December 14, 1971, at Detroit. (Docket No. 10715.) Decided January 25, 1972.

Petition by Republic Development Corporation for judicial review of final orders by the State Tax Commission with regard to the assessments of certain land. Motion for accelerated judgment by State Tax Commission denied. State Tax Commission appeals by leave granted. Reversed and remanded for order granting accelerated judgment.

*Maddin & Maddin,* for petitioner.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William D. Dexter,* and *Richard R. Roesch,* Assistants Attorney General, for respondent.

Before: HOLBROOK, P. J., and T. M. BURNS and DANHOF, JJ.

REFERENCE FOR POINTS IN HEADNOTE
51 Am Jur, Taxation § 767 *et seq.*

PER CURIAM. This is an appeal, by leave granted, from the denial of respondent State Tax Commission's motion for accelerated judgment. On October 6, 1970, Republic Development Corporation petitioned the Wayne Circuit Court for judicial review of the final orders by the State Tax Commission on September 8 and 9 of 1970, with regard to the assessments of certain parcels of land owned by Republic. On October 14, 1970, the State Tax Commission moved for accelerated judgment alleging that the circuit court lacked jurisdiction to review the assessment decisions of the commission. The motion was denied on November 6, 1970. The Tax Commission sought leave to appeal to this Court from the denial of the motion for accelerated judgment on November 16, 1970. Leave was granted on January 15, 1971. The claim of appeal was filed on January 22, 1971.

The question raised in this appeal is whether the circuit court has jurisdiction to review final decisions of the Tax Commission with regard to the fixing of assessment values.

Petitioner asserts that the circuit court is vested with jurisdiction to hear appeals from the State Tax Commission by virtue of judicial review provisions of the Administrative Procedures Act of 1969. Section 102 of that act, MCLA 24.302; MSA 3.560(202), provides:

"Judicial review of a final decision or order in a contested case shall be by any applicable special statutory review proceeding in any court specified by statute and in accordance with the general court rules. In the absence or inadequacy thereof, judicial review shall be by a petition for review in accordance with sections 103 to 105."

Section 103 provides that the petition be filed in circuit court.

The Attorney General contends that the decisions of the Michigan State Tax Commission are exempt from the Administrative Procedures Act of 1969 even though no express exemption is contained in the act itself. This conclusion is based upon § 152 of The General Property Tax Act[1] which was amended in pertinent part in 1969 to provide:

"In all of its proceedings the contested case provisions of Act No. 197 of the Public Acts of 1952 as amended, shall not be applicable to the state tax commission, and in its determination, article VI, section 28, of the constitution of the state of Michigan shall apply."

The effect of this amendment was to exempt the decisions of the Michigan State Tax Commission from the contested case provisions of the Administrative Procedures Act then in effect. It was shortly after this amendment that the Administrative Procedures Act was completely revised and the present act was passed. Section 112 of the present act provides:

"A reference in any other law to Act No. 88 of the Public Acts of 1943, as amended, or Act No. 197 of the Public Acts of 1952, as amended, is deemed to be a reference to this act." MCLA 24.312; MSA 3.560-(212).

Therefore, although § 152 of The General Property Tax Act refers to a previous Administrative Procedures Act, by virtue of § 112 of the present act, the reference to the previous act is deemed to "be a reference to this act".

Clearly then, the State Tax Commission is exempt from the provisions in the Administrative Procedures Act dealing with contested cases. It there-

---

[1] MCLA 211.152; MSA 7.210.

fore follows that the provisions for judicial review of contested cases are equally inapplicable.

It is our opinion that the Legislature intended to eliminate judicial review of actions taken by the State Tax Commission at the circuit court level. Accordingly, the decision of the trial court must be reversed and the cause remanded for an order granting an accelerated judgment to the respondent State Tax Commission.