MISTELE v STATE TAX COMMISSION

1. Taxation—State Tax Commission—Appeal and Error.

Findings of the State Tax Commission are reviewed in the Court of Appeals and not in the circuit court because the tax commission is exempt from the statutory procedure in the Administrative Procedures Act dealing with contested cases (MCLA 24.302).

2. Taxation—Assessment—State Tax Commission—Findings—Statutes.

An order of the State Tax Commission determining the assessed valuation of a parcel of real property did not meet the statutory requirement that the commission file concise findings of fact and reasons for its decision where the record on appeal failed to show a basis for the conclusion of the commission in that the only appraisals on the record as to the market value of the property in dispute were substantially less than the assessed valuation.

Appeal from State Tax Commission. Submitted March 9, 1972, at Lansing. (Docket No. 10409.) Decided October 24, 1972.

Harold E. Mistele appealed the assessment of his real property by the City of Grosse Pointe Park to the State Tax Commission. Assessment modified. Harold E. Mistele appeals by leave granted. Remanded with instructions.

*Campbell, O'Brien & Mistele,* for taxpayer.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R.*

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur, Taxation §§ 770, 774.
[2] 51 Am Jur, Taxation §§ 750–752.

*Roesch,* Assistant Attorney General, for the State Tax Commission.

Before: LESINSKI, C. J., and BRONSON and TARGONSKI,* JJ.

TARGONSKI, J. Plaintiff appeals on leave granted from a decision of the Michigan State Tax Commission relative to the assessed valuation on a parcel of property consisting of a lakeside residence in the City of Grosse Pointe Park. The city assessor had placed a valuation of $190,000 on the subject property as the result of which the subject parcel was placed on the assessment rolls at $62,950. Plaintiff made timely appeal and a hearing was held before the Board of Review for the City of Grosse Pointe Park, which affirmed the valuation of the property as determined by the assessor. Plaintiff paid his taxes under protest and continued to pursue his avenues of administrative relief.

On appeal to the Michigan State Tax Commission the assessed valuation was reduced to the amount of $185,500. This resulted in an order to the City of Grosse Pointe Park directing placement of plaintiff's property on the assessment roll at $61,500. Within 30 days after date of the commission's order, plaintiff filed a complaint in the Wayne County Circuit Court seeking a judicial determination of the lawful valuation of the property and a refund of the excessive amount of taxes paid for the year 1969.

The Attorney General on behalf of the Michigan State Tax Commission filed a motion for accelerated judgment on the grounds that the circuit court lacked jurisdiction to review a determination of value by the Michigan State Tax Commission.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The field of tax law in Michigan is in considerable conflict and a state of confusion. However, the question as to where one may appeal from an adverse finding of the Michigan State Tax Commission was resolved in *Republic Development Corp v State Tax Commission,* 38 Mich App 166 (1972). The State Tax Commission is exempt from the provisions in the Administrative Procedures Act dealing with contested cases, MCLA 24.302; MSA 3.560(202). The Legislature intended to eliminate judicial review at circuit court level and State Tax Commission findings are reviewed only in the Court of Appeals. *Republic Development Corp v State Tax Commission, supra.*

This presents us with a most unfortunate situation as we cannot remand this case to the circuit court where a complete record could be made and where a decision on the merits could be rendered. Thus we are bound to make a review of the tax commission's determination in this Court. As a practical matter there is no transcript of the hearing which was held by the State Tax Commission. From the record on appeal it is impossible to ascertain what interpretation and weight was given to the various exhibits by the commission in reaching its determination. From an examination of the record on appeal it would appear that there were three appraisals as to the market value of the plaintiff's property, to-wit, $120,000, $145,000 and $150,000. The plaintiff claimed yet a fourth figure in that he had been unable to find a buyer in a two-year period at $130,000. Thus we are unable to discern a basis for the conclusion reached by the commission in the amount of $185,-500. Other factors necessary for a proper appellate review are conspicuous by their absence.

The commission erred in failing to file concise

findings of fact and reasons for decision. *Pantlind Hotel Co v State Tax Commission,* 3 Mich App 170, 177 (1966).

Accordingly, this matter is remanded to the Michigan State Tax Commission for a rehearing with an order that the commission make an adequate record of such rehearing so that this Court can consistent with due process properly perform its function of review. Other issues raised by the plaintiff as to refund of overpayment, if any, must abide the final disposition of the issue of proper assessed valuation.

Remanded for rehearing in accordance with the instructions hereinabove.

All concurred.