# APRIL TERM, 1950.

LANSING SCHOOL DISTRICT *v.* SCHOOL DISTRICT NO. 3.

1. STATUTES—REPEAL BY IMPLICATION NOT FAVORED.
   Repeals by implication are not favored.

2. SAME—BURDEN OF ESTABLISHING REPEAL BY IMPLICATION.
   Party claiming a statute is repealed by implication has burden of establishing such repeal.

3. SAME—REPEAL BY IMPLICATION—PRESUMPTIONS.
   Earlier and later statutes will be construed together if possible and each given force and effect, the presumption being against a repeal by implication.

4. SCHOOLS AND SCHOOL DISTRICTS—TERRITORY—MUNICIPAL CORPORATIONS.
   A city whose territory, along with territory outside of the city, is included within a school district, may not be said to "comprise" the school district since the city territory only embraces a part of such district (CL 1948, § 388.151).

5. SAME—STATUTES—THIRD-CLASS DISTRICTS—ANNEXATION.
   Statute requiring vote of electors of both the city to which territory is annexed and electors in annexed territory to approve annexation of territory of school district in annexed territory to city "comprising a third-class school district" *held*, not to have impliedly repealed statute providing for annexation of school district in territory annexed to city whose territory comprised the whole or a part of a third-class school district as concerns situation where territory was annexed to city located within a district embracing all of city and some territory located outside of the city (CL 1948, §§ 346.4, 388.151).

REFERENCES FOR POINTS IN HEADNOTES
[1–3, 5]  50 Am Jur, Statutes, § 538.
[3]  50 Am Jur, Statutes, §§ 363, 547.
[7]  14 Am Jur, Costs, § 91.

6. SAME—ANNEXATION—RESOLUTION—ELECTORAL APPROVAL.

Annexation of territory to city comprising a single school district, having a population of 10,000 or over permits the annexation to such district by resolution of its board of education where statute so providing was re-enacted and published at length subsequent to statute requiring approval by electors where territory is annexed to city comprising a third-class district, since the later act emphasizes population more than territory (CL 1948, §§ 353.17, 388.151).

7. COSTS—PUBLIC QUESTION—ANNEXATION OF SCHOOL DISTRICTS—STATUTES.

No costs are allowed in suit to determine which of three statutes is applicable to annexation of school district where territory is annexed to city whose entire territory comprises part of a school district of the third class, a public question being involved (CL 1948, §§ 346.4, 353.17, 388.151).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted February 10, 1950. (Calendar No. 44,-694.) Decided April 6, 1950.

Mandamus by Board of Education of the School District of the City of Lansing to compel School District No. 3, Lansing Township, Ingham County, Michigan, and its officers to convey all of its property to plaintiff after territory was annexed. Writ granted. Defendants review by appeal in the nature of certiorari. Affirmed.

*Kelley & Seelye,* for plaintiff.

*Hubbard, McCullough & Fox,* for defendants.

BOYLES, C. J. The question here for determination is which of 3 sections of the school code apply to the circumstances of the case. The board of education of the Lansing school district filed a petition in the circuit court for Ingham county for mandamus to compel the board of education of school district No 3, Lansing township, commonly known as the Everett

district, to convey, assign and transfer all of its property to the Lansing school district. The circuit judge granted the writ and the Everett district board of education appeals. For brevity, the plaintiff board of education of the city of Lansing school district will be referred to as the Lansing district, and the defendant board of education of school district No 3, Lansing township, will be referred to as the Everett district.

At a special election held in November, 1949, the entire territory of the Everett district in Lansing township was annexed to the city of Lansing. The Lansing district otherwise included all of the territory within the city's corporate limits and certain other territory in adjoining Lansing township. Following the November annexation election, the Lansing district school board by resolution determined that the Everett district was a part of the Lansing district and demanded that the Everett district board convey, assign and transfer all of its property to the Lansing district board. The Everett district board, taking the position that the Everett district could become a part of the Lansing district only by the affirmative vote of the qualified electors in both districts, declined to comply with the demand. The instant case followed. The court held that the Everett district had become a part of the Lansing district, granted the writ, and the board of education of the Everett district appeals. .

The Lansing district claims that PA 1927, No 319, pt 1, ch 6, § 4 (CL 1948, § 346.4 [Stat Ann § 15.184]), applies to the instant case, and results in the annexation of the Everett district as a part of the Lansing school district by the adoption of the above resolution without any further election or vote of the electors of the districts involved. The Lansing district is a school district of the third class and comes

within the provisions of section 4, ch 6, pt 1, of the school code, which provides:

"Whenever hereafter any territory shall be annexed to any city forming the whole or a part of a school district of the third class, the territory so annexed shall become a part of the contiguous school district embracing the whole or some part of said city, and all property of any school district, situated wholly upon the territory so annexed, shall become the property of the school district to which the said territory is adjoined." CL 1948, § 346.4 (Stat Ann § 15.184).

The above section was adopted in the school code as originally enacted (PA 1927, No 319, pt 1, ch 6, § 4 [CL 1929, § 7222]) and remains unchanged. It answers the question now before us unless it has been superseded or repealed by some later or more applicable statutory provision. Counsel for the Everett district rely on PA 1941, No 247, § 1 (CL 1948, § 388.151 [Stat Ann 1949 Cum Supp § 15.2071]), the essential part of which is as follows:

"Where unincorporated territory   *   *   *   (is) annexed to   *   *   *   a city comprising a third-class school district   *   *   *   any school district   *   *   * within such annexed   *   *   *   territory,   *   *   * shall be annexed to and become a part of the said third-class school district whenever the respective governing bodies of the said third-class school district and of the school district   *   *   *   to be annexed thereto shall by resolution so determine.   *   *   * Provided, however, That the annexation of any school district   *   *   *   with the said third-class school district, as provided in this act, shall not become effective until the qualified school electors of each of the said school districts   *   *   *   within the boundaries of the city shall have approved such annexation by a majority vote of the qualified school electors residing within the city."

As indicated, said Act No 247 was passed in 1941. It is the position taken by counsel for the Everett district that the said act, being later in time of its adoption, supersedes section 4, ch 6, pt 1, of the school code, *supra,* as well as section 17, ch 3, pt 2, of said code to which reference will again be made later. Counsel for the Everett district claim that the 1941 act repeals both of said sections by implication and that consequently a separate and independent election in both school districts is required in order to annex the Everett district to the Lansing district. Counsel for the Everett district, as they construe the 1941 act, conclude that it is repugnant to the other two sections referred to, that they cannot be reconciled, and hence the repeal by implication. As to that, repeals by implication are not favored in the law and the burden is on counsel for the Everett district to establish such repeal. In *Jackson* v. *Michigan Corrections Commission,* 313 Mich 352, the Court said:

"The presumption is against a repeal by implication, the theory being that had the legislature intended a repeal it would have expressly so stated, designating the specific acts or parts of acts repealed. If possible, the earlier and later statutes concerned in any case must be construed together and each given force and effect."

We do not consider that the several acts referred to are necessarily repugnant. The reasoning resulting in counsel's conclusion of an implied repeal is based on the construction given by counsel for the Everett district to the words, "a *city comprising* a third-class school district," in the 1941 act. Counsel for Everett district argue that the *city* of Lansing "comprises" a third-class school district within the meaning of said 1941 act. But the *city* includes only

a part of the Lansing third-class school district, namely, that part within the corporate limits. We do not agree with counsel for the Everett district that PA 1941, No 247, supersedes or repeals by implication section 4, ch 6, pt 1, of the school code. Said section, in express language, applies to "any city forming the whole *or a part of* a school district of the third class."

Everett school district also argues that PA 1941, No 247, supersedes and repeals by implication section 17, ch 3, pt 2, of the school code on the ground that said 1941 act is inconsistent, and of later enactment. But in that regard counsel do not overcome the fact that said section 17, ch 3, pt 2, of the school code was "re-enacted and published at length" * with slight amendments † by PA 1945, No 38, subsequent to PA 1941, No 247. It provides:

"Where territory has been or is annexed to a city comprising a single school district, now or hereafter having a population of 10,000, or over, as determined by the last Federal decennial census, or by any Federal decennial census hereafter taken, organized school districts or parts of organized school districts within such annexed territory shall be annexed to and become a part of the city school district whenever the governing body of the city school district shall by resolution so determine: * * * The union herein provided between the city school district and the school district or parts of school districts lying in territory annexed to and becoming a part of the city shall take effect 30 days after the passage of such resolution." CL 1948, § 353.17 (Stat Ann 1949 Cum Supp § 15.423).

Said above 1945 act has characteristics which indicate the legislative intent to distinguish its use of the words "a city comprising ·a single school district"

---

* See Mich Const (1908), art 5, § 21.
† See, also, *Detroit Club* v. *State of Michigan*, 309 Mich 721, 731.

from those used in PA 1941, No 247, *supra, i.e.,* "a city comprising a third-class school district." Said 1945 act refers to a city comprising a single school district, having a population of 10,000 or more. It emphasizes population rather than territorial area.

The foregoing comment also applies to *Attorney General, ex rel. Common Council of the City of Detroit,* v. *Marx* (decided in 1918), 203 Mich 331, on which case counsel for the Everett district rely mainly for reversal. In that case the attorney general, on the relation of the common council of Detroit, sought mandamus to compel the mayor and the board of education of said city to fill vacancies on the board of education. The principal question in the case was whether Detroit comprised a single school district within the meaning of PA 1913, No 251, § 1 (CL 1915, § 5867).* Said section provided for a school district of the first class, for any city "having a population of 250,000 or over which comprises a single school district." The court held that the city comprised at all times a single school district, under circumstances which were at times quite similar to those in the instant case and at other times dissimilar. Counsel for the Everett district rely on the definition of "comprising" in the *Marx Case,* notwithstanding the fact that, as in Lansing, part of the school district territory was outside the city limits, and at times part of the city territory was outside of the school district limits. But the ground on which the Court relied in holding that the city comprised a single school district was succinctly stated thus:

"The city of Detroit has always had one dominating school district and at no time have there ever been two complete school districts within its borders. There have been only parts of other school districts

---

* See CL 1948, § 348.1 (Stat Ann § 15.254), which now provides for a school district of the first class where its population exceeds 500,000.

in the outlying sections. It has comprised at all times a single school district. These outlying portions of districts have come in as the territorial limits have been expanded, and have been gradually brought into the school district as the conditions with reference to the territorial limits of the municipality and the school district were gradually adjusted in accordance with the provisions of law. The construction which the plaintiff asks for would create a hardship and injustice, which, under the rules of construction, should not be given to a statute if it can be avoided."

Plainly, the *Marx Case* was decided on the basis of population rather than on the basis of territorial area, and on that basis supports our conclusion that the 1945 act controls the instant case. Within the conclusion reached in the *Marx Case,* Lansing comprises a single school district, on a population basis, within the meaning of PA 1945, No 38, *supra.* The Everett school district became a part of the Lansing school district when the Lansing school district board of education so determined by the resolution adopted following the November election.

The trial court correctly held that PA 1941, No 247, does not apply to the instant case. Affirmed, without costs, a public question being involved.

REID, NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.