FLYNN v CITY OF FRASER

1. MUNICIPAL CORPORATIONS—FIRE PROTECTION UNIT—STATUTES.

Any person assigned to a fire protection unit, who is ready and able to respond to summons for fire aid, and who is on duty for that purpose irrespective of the intensity or dangers which characterize any particular fire, is "engaged in fire fighting or subject to the hazards thereof" (MCLA 123.841).

2. STATUTES—REPEAL—IMPLICATION—BURDEN.

Repeals by implication are not favored in the law; the burden is on the party claiming repeal to establish that fact.

3. MUNICIPAL CORPORATIONS—STATUTES—FIREMEN—COLLECTIVE BARGAINING.

The statute that establishes the maximum permissible working hours for paid or part-paid firemen and the minimum time off that must be provided, as well as controlling the distribution of those hours throughout the workweek, was not repealed by implication by later statutes that provide that fire fighters and their employers may bargain collectively for fewer or differently arranged hours of employment, or be compelled, in some cases, to submit the question of work hours to arbitration (MCLA 123.841, 423.215, 423.231).

4. ARBITRATION AND AWARD—COLLECTIVE BARGAINING—HOURS OF EMPLOYMENT—STATUTES.

Any duly consummated collective bargaining agreement or arbitration award controls the rights of public safety employees with respect to the hours of employment, with the sole proviso that such an agreement or award not contravene a statute which sets minimum time-off requirements but does not prohibit public safety employees and their employers from mutu-

REFERENCES FOR POINTS IN HEADNOTES

[1] 35 Am Jur 2d, Fires § 45.
  Duty and liability of owner or occupant of premises to fireman or policeman coming thereon in discharge of his duty, 86 ALR2d 1205.
[2-4] 50 Am Jur, Statutes §§ 534, 542, 556.
[3] 5 Am Jur 2d, Arbitration and Award §§ 67, 68.

ally agreeing to less onerous hours of employment pursuant to legislative directives contained in other statutes (MCLA 123.841, 423.215, 423.231).

Appeal from Macomb, Hunter D. Stair, J. Submitted Division 2 January 4, 1973, at Lansing. (Docket No. 14551.) Decided February 26, 1973.

Complaint by James C. Flynn, Kenneth T. Klein, John Sommavilla, Jr., and A. Vanthomme against the City of Fraser for a declaratory judgment to determine that they are municipal employees engaged in fire fighting. Summary judgment for plaintiffs. Defendant appeals. Affirmed.

*Ward & Campbell,* for plaintiffs.

*Roy W. Rogensues,* for defendant.

Before: QUINN, P. J., and R. B. BURNS and C. J. BYRNS,* JJ.

C. J. BYRNS, J. Plaintiffs brought this declaratory judgment action, seeking a determination that they are municipal employees who are "engaged in fire fighting or subject to the hazards thereof", and thus may not be compelled by the defendant City of Fraser to work hours which differ from those specified by MCLA 123.841; MSA 5.3331, 1925 PA 125, as amended by 1947 PA 335.[1]

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCLA 123.841; MSA 5.3331, as amended, provides:

"It shall be unlawful for any municipality, or any officer or employee thereof, in municipalities which maintain or may hereafter maintain an organized paid or part-paid fire department, to require any person in the employ of the fire department who is engaged in fire fighting or subject to the hazards thereof to be on duty in such employment more than 24 hours, or to be off duty less than 24 consecutive hours out of any 48-hour period. All persons in the employ of any organized paid or part-paid fire department who are engaged in fire fighting or subject to the hazards thereof shall be entitled to an additional 24 consecutive hours off duty in every 12-day period, beginning July 1,

The trial court agreed with plaintiffs and granted the requested relief.

The facts are stipulated. Plaintiffs are employees of the defendant city, assigned to the fire protection division of the city's Department of Public Safety.[2] Plaintiffs work a 40-hour, 5-day week, subject to extra time for emergencies, which occasionally push the weekly total to in excess of 40 hours.

Defendant claims, first, that plaintiffs do not fall within the scope of the above-cited statute, inasmuch as they are engaged in actual fire fighting during only a small portion of their on-duty hours, and also on the ground that the hazards presented by most fires are "small".

Such a contention is frivolous. The statutory language is clear and unambiguous. See MCLA 8.3a; MSA 2.212(1).[3] There is no qualification in the statute to the effect that only "large", as opposed to "small", hazards are sufficient to bring a fireman within the terms of the act. Any person assigned to a fire protection unit, who is ready and able to respond to summons for fire aid, and who is on duty for that purpose, irrespective of the intensity or dangers which characterize any particular fire, is "engaged in fire fighting or subject to the hazards thereof".

Second, defendant argues that MCLA 123.841;

1966, thereby requiring firemen to work not more than an average of 63 hours per week, and effective July 1, 1967, an additional 24 consecutive hours off duty in every 6-day period, thereby requiring firemen to work not more than an average of 56 hours per week."

[2] The police department constitutes the remaining division of the Department of Public Safety.

[3] MCLA 8.3a; MSA 2.212(1) directs:

"All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning."

MSA 5.3331, *supra,* was repealed by implication with the passage of § 15 of 1947 PA 336, as added by 1965 PA 379, § 1; MCLA 423.215; MSA 17.455(15),[4] which authorizes public employers and their employees to bargain collectively with respect to, *inter alia,* hours of employment. Similarly, defendant asserts, repeal was impliedly effected by 1969 PA 312; MCLA 423.231; MSA 17.455(31),[5] which, under certain circumstances, mandates submitting labor disputes concerning hours of employment for policemen and firemen, as well as concerning other terms and conditions of employment, to compulsory and binding arbitration.

Preliminarily, we note that repeals by implica-

[4] MCLA 423.215; MSA 17.455(15) declares:

"A public employer shall bargain collectively with the representatives of its employees as defined in section 11 and is authorized to make and enter into collective bargaining agreements with such representatives. For the purposes of this section, to bargain collectively is the performance of the mutual obligation of the employer and the representative of the employees to meet at reasonable times and confer in good faith with respect to wages, hours, and other terms and conditions of employment, or the negotiation of an agreement, or any question arising thereunder, and the execution of a written contract, ordinance or resolution incorporating any agreement reached if requested by either party, but such obligation does not compel either party to agree to a proposal or require the making of a concession."

[5] MCLA 423.231; MSA 17.455(31) provides:

"It is the public policy of this state that in public police and fire departments, where the right of employees to strike is by law prohibited, it is requisite to the high morale of such employees and the efficient operation of such departments to afford an alternate, expeditious, effective and binding procedure for the resolution of disputes, and to that end the provisions of this act, providing for compulsory arbitration, shall be liberally construed."

*See also* the triggering provision, MCLA 423.233; MSA 17.455(33):

"Whenever in the course of mediation of a public police or fire department employee's dispute, the dispute has not been resolved to the agreement of both parties within 30 days of the submission of the dispute to mediation and fact-finding, or within such further additional periods to which the parties may agree, the employees or employer may initiate binding arbitration proceedings by prompt request therefor, in writing, to the other, with copy to the labor mediation board."

tion are not favored in the law; the burden is on the party claiming repeal to establish that fact. *Lansing School Dist v School Dist No 3,* 327 Mich 436, 440 (1950). The statutes here considered are not repugnant to one another. MCLA 123.841; MSA 5.3331, establishes the maximum permissible working hours for paid or part-paid firemen and the minimum time off that must be provided, as well as controlling the distribution of those hours throughout the workweek. Within the parameters of that act, however, fire fighters and their employers may bargain collectively for fewer or differently arranged hours of employment, MCLA 423.215; MSA 17.455(15), or be compelled, in some cases, to submit the question of work hours to arbitration, MCLA 423.231; MSA 17.455(31).

Any duly consummated collective bargaining agreement or arbitration award controls the respective rights of such parties with respect to the hours of employment, with the sole proviso that such an agreement or award not contravene the limits set by MCLA 123.841; MSA 5.3331. The latter statute sets minimum time-off requirements, but does not prohibit public safety employees and their employers, such as plaintiffs and defendant in the case at bar, respectively, from mutually agreeing to less onerous hours of employment pursuant to the legislative directives contained in MCLA 423.215; MSA 17.455(15), and MCLA 423.231; MSA 17.455(31).

Affirmed.

All concurred.