COVERT TOWNSHIP ASSESSOR v STATE TAX COMMISSION

1. STATUTES—REPEAL BY IMPLICATION—ADMINISTRATIVE LAW—STATE TAX 'COMMISSION—POLLUTION CONTROL FACILITIES.

An amendment to the General Property Tax Law precluding judicial review of final decisions of the State Tax Commission except in specified cases does not impliedly repeal the statute which provides that appeals from State Tax Commission decisions on issuance or refusal to issue, revocation, or modification of pollution control tax exemption certificates are governed by the Administrative Procedures Act (MCLA 336.7; 1969 PA 270).

2. ADMINISTRATIVE LAW—ADMINISTRATIVE PROCEDURES ACT—JUDICIAL REVIEW—STATE TAX COMMISSION—POLLUTION CONTROL FACILITIES.

A controversy over the issuance of a tax exemption certificate for air pollution control facilities is subject to the Administrative Procedures Act and therefore is properly brought for judicial review in the circuit court (MCLA 24.301–24.306; 336.7). .

3. APPEAL AND ERROR—QUESTION OF FACT.

The Court of Appeals declines to consider the substantive issues raised on an appeal from the State Tax Commission where the written record does not answer important questions of fact and where jurisdiction of the appeal was properly in the circuit court, even though all parties urge the Court of Appeals to decide the substantive issues.

4. ADMINISTRATIVE LAW—STATE TAX COMMISSION—NOTICE—DUE PROCESS.

Failure of the State Tax Commission to give all interested parties notice of all meetings, formal or informal, that it may wish to

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 2 Am Jur 2d Administrative Law § 757.

[3] 4 Am Jur 2d, Appeal & Error § 399.

[4] 2 Am Jur 2d, Administrative Law §§ 227–229.

Constitutionality, construction, and application of statute authorizing extradition of one who commits an act within the state or a third state resulting in a crime in the demanding state. 151 ALR 239.

have with any of the parties is a denial of the right to due process of law of any party not so notified.

Appeal from the State Tax Commission. Submitted Division 2 February 12, 1974, at Lansing. (Docket No. 15199.) Decided May 2, 1974.

The State Tax Commission granted a property tax exemption to Consumers Power Company for certain pollution control equipment in Covert Township, Van Buren County. The Covert Township Assessor appeals by leave granted. Remanded to circuit court.

*Bauckham, Reed, Lang & Schaefer,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch,* Assistant Attorney General, for defendant State Tax Commission.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Robert L. Nelson* and *James L. Parris) (Robert J. Byers,* of counsel), for defendant Consumers Power Company.

Before: J. H. GILLIS, P. J., and HOLBROOK and DENEWETH,* JJ.

PER CURIAM. The Tax Exemption of Air Pollution Control Facilities Act[1] (hereinafter referred to as the Exemption Act), MCLA 336.1 *et seq.;* MSA 7.793(1) *et seq.,* provides for property tax exemption for those facilities determined by the State Tax Commission (hereinafter referred to as the STC), in conjunction with the Director of Public Health, to be operated primarily for the control of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] 1965 PA 250.

air pollution. In May, 1968, Consumers Power Company applied for an exemption for the nuclear reactor containment building at its Palisades Plant, located in Covert Township, Van Buren County. The STC denied Consumers' original petition but approved an amended version in January 1972. This Court granted plaintiff's application for leave to appeal on March 12, 1973. September 21, 1973 this Court ordered the parties to file supplemental briefs on the question of whether appellate jurisdiction lies with the Court of Appeals or with the circuit court. It is that question we decide here.

Section 7 of the Exemption Act, MCLA 336.7; MSA 7.793(7), provides:

"A party aggrieved by the issuance or refusal to issue, revocation or modification of a pollution control tax exemption certificate may appeal from the finding and order of the state tax commission in the manner and form and within the time provided by Act No. 197 of the Public Acts of 1952, as amended."

Act No. 197 of the Public Acts of 1952 is the old Administrative Procedures Act (hereinafter referred to as the APA). The APA was completely revised in 1969.[2] Section 112 of the revised APA provides:

"A reference in any other law to * * * Act No. 197 of the Public Acts of 1952, as amended, is deemed to be a reference to this act." MCLA 24.312; MSA 3.560(212).

Thus, if we follow § 7, appeals from STC decisions under the Exemption Act are governed by the APA. Under the APA, appeal of a final agency decision is to the circuit court.[3] Up to this point

---

[2] 1969 PA 306; MCLA 24.201 *et seq.;* MSA 3.560(101) *et seq.*

[3] MCLA 24.301–24.306; MSA 3.560(201)–3.560(206).

the statutory scheme appears clear and straight-forward.

The problem arises when we consider 1969 PA 270, an amendment to § 152 of the General Property Tax Law:[4]

"In all of its proceedings the contested case provisions of Act No. 197 of the Public Acts of 1952 as amended, shall not be applicable to the state tax commission, and in its determination, article VI, section 28, of the constitution of the state of Michigan shall apply."

This Court has construed this amendment to mean that jurisdiction to review STC decisions is directly in the Court of Appeals instead of the circuit courts.

"Clearly then, the State Tax Commission is exempt from the provisions in the Administrative Procedures Act dealing with contested cases. It therefore follows that the provisions for judicial review of contested cases are equally inapplicable.

"It is our opinion that the Legislature intended to eliminate judicial review of actions taken by the State Tax Commission at the circuit court level." *Republic Development Corp v State Tax Commission,* 38 Mich App 166, 168, 169; 195 NW2d 923, 924 (1972); see *Fisher-New Center Co v Detroit,* 38 Mich App 750; 197 NW2d 272 (1972).

This language is too sweeping. Both *Republic Development* and *Fisher-New Center* concerned appeals by taxpayers from unfavorable STC reviews of their property assessments, pursuant to § 152 of the General Property Tax Law. Neither action had anything to do with the Exemption Act, and, therefore, neither decision has any applicability here.

---

[4] MCLA 211.152; MSA 7.210. This section gives taxpayers the right to have their real property assessments reviewed by the STC.

We hold that § 7—the appeals section—of the Exemption Act has not been repealed by 1969 PA 270. The 1969 Act was incorporated into § 152; it was not enacted as a separate law. Its language cannot be construed to give it extrinsic effect sufficient to impliedly repeal § 7. The presumption is against repeals by implication. *Lansing School District v School District No 3,* 327 Mich 436, 42 NW2d 132 (1950); *Flynn v City of Fraser,* 45 Mich App 346; 206 NW2d 448 (1973). In addition, the 1969 Act says article 6, § 28, of the Michigan Constitution—not the APA—shall apply to STC proceedings. Article 6, § 28, provides in pertinent part:

"Property tax valuation or allocation; review. In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation."

This prescribes the standard of appellate review from final agency proceedings relating to property assessment. Its applicability to § 152 STC proceedings is, therefore, clear. It is equally clear that it has no applicability to Exemption Act STC proceedings.

Since § 7 of the Exemption Act has not been repealed, appellate jurisdiction over this matter lies with the circuit court. Nevertheless, all the parties urge us to decide the substantive issues raised in this appeal. They argue that since we have before us a complete record of all proceedings and written correspondence, it would be a waste of time and money to remand this case to circuit court. We disagree. There are many questions which the written record doesn't answer. For ex-

ample; the Exemption Act requires the Director of Public Health's approval of a facility before the STC can issue a tax exemption certificate. There is no evidence of this approval in the written record.[5] If there was no such approval, was there oral approval? If not, did Consumers Power know that there had not been approval? If they didn't know, should they have known and would this make a difference in the outcome? These are important questions of fact. Only a trial can provide the answers.

Lastly, we think the failure of the STC to give Covert Township notice of the informal hearing held October 20, 1970, between the Chairman of the STC and Consumers Power, was a denial of Covert Township's right to due process of law. It would appear to this Court that it is incumbent upon the STC to give all interested parties notice of *all* meetings it may wish to have with any of the parties either formal or informal. To do anything less certainly opens the whole procedure to suspicion, innuendo, and attack. This principle is so elementary as to be worthy of no further discussion.

We remand to the 36th judicial circuit. No costs, a public question being involved.

---

[5] In the written record there is a memorandum from the Division of Air Pollution Control of the Department of Public Health to the State Tax Commission stating that in its opinion Consumer's containment building is an air pollution control facility. In our view, this does not constitute approval of the Director of Public Health. *See* Cooper, State Administrative Law, pp 92–94; Davis, Administrative Law Text, § 9.06, pp 175–176; *School District No 3 of Town of Adams v Callahan,* 237 Wis 560; 297 NW 407 (1941); *State v City of Seattle,* 61 Wash 2d 658; 379 P2d 925 (1963).