COVERT TOWNSHIP ASSESSOR v STATE TAX COMMISSION

1. TAXATION—EXEMPTIONS—AIR POLLUTION CONTROL—AIR POLLUTION CONTROL COMMISSION—STATE REGULATION—FEDERAL REGULATION—STATUTES.

The tax exemption of air pollution control facilities act does not require that the eligible facilities be subject to regulation by the Air Pollution Control Commission in order to qualify for an exemption under the act; the right to an exemption does not depend upon the presence or absence of either Federal or state regulation of such facilities (MCLA 336.1 *et seq.;* MSA 7.793[1] *et seq.).*

2. STATES—FEDERAL PREEMPTION—NUCLEAR REACTORS—REGULATION —AIR POLLUTION CONTROL—TAX EXEMPTIONS—STATUTES.

The Federal government's preemption of the regulation of nuclear reactor facilities does not preclude the state from issuing tax exemption certificates to such facilities under the tax exemption of air pollution control facilities act (MCLA 336.1 *et seq.;* MSA 7.793[1] *et seq.).*

3. WATERS AND WATER COURSES—NUCLEAR REGULATORY COMMISSION —NUCLEAR WASTE—FEDERAL PREEMPTION—REGULATION— STATES.

The discharge of nuclear waste materials into waterways is an area subject to the exclusive regulation of the Nuclear Regulatory Commission.

4. STATES—JURISDICTION—NUCLEAR REACTORS—FEDERAL PREEMPTION —REGULATION—NONRADIOLOGICAL MATTERS—LIQUID DISCHARGES.

A state may not regulate nuclear reactors because the Federal

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5, 6, 9] 61 Am Jur 2d, Pollution Control § 103.5.

71 Am Jur 2d, State and Local Taxation § 221 *et seq.,* 307, 309, 335.5.

Validity and construction of statute or ordinance allowing tax exemption for property used in pollution control. 65 ALR3d 434.

[3–5] 61 Am Jur 2d, Pollution Control §§ 113, 114.

[6, 7, 9] 72 Am Jur 2d, State and Local Taxation §§ 814, 815, 1122, 1124, 1125.

[8] 71 Am Jur 2d, State and Local Taxation § 326.

[9] 61 Am Jur 2d, Pollution Control §§ 61, 69.

government has preempted that field; however, the Federal preemption doctrine does not bar state regulation and control of nuclear facilities regarding nonradiological matters incident to the construction and operation of a nuclear plant and the heat and chlorine content of a plant's liquid discharges.

5. TAXATION—REAL ESTATE TAXES—PERSONAL PROPERTY TAXES—EXEMPTIONS—AIR POLLUTION CONTROL—LEGISLATIVE PURPOSE—NUCLEAR REGULATORY COMMISSION—LICENSES—STATUTES.

The legislative purpose of the tax exemption of air pollution control facilities act is the encouragement of pollution control; the pollution control function of the air pollution control facilities of a nuclear generator is not lessened for purposes of qualification for exemption under the act by the fact that such facilities are required by the Nuclear Regulatory Commission as a condition for obtaining a license to operate a nuclear generator (MCLA 336.1 *et seq.;* MSA 7.793[1] *et seq.).*

6. TAXATION—REAL ESTATE TAXES—PERSONAL PROPERTY TAXES—EXEMPTIONS—AIR POLLUTION CONTROL—DIRECTOR OF PUBLIC HEALTH—TAX COMMISSION—APPEAL AND ERROR—ADMINISTRATIVE LAW—STATUTES.

The Director of Public Health and the State Tax Commission are given the discretion by statute to decide if specific air pollution control facilities are entitled to a tax exemption; the role of the Court of Appeals on appeal is limited to determining if clear legal error was made by the agencies and if their findings of fact are supported by competent, material and substantial evidence on the whole record (MCLA 336.1 *et seq.;* MSA 7.793[1] *et seq.).*

7. TAXATION—STATE TAX COMMISSION—ADMINISTRATIVE LAW—APPEAL AND ERROR—STATUTES.

Contested cases before the State Tax Commission are governed by provisions of the Administrative Procedures Act; grounds for review of agency action under the act include the grounds that agency action is: in violation of a statute or the constitution, in excess of statutory authority, made under unlawful procedures, arbitrary, capricious or an abuse of discretion unsupported by competent, material and substantial evidence, or affected by other substantial and material error of law (MCLA 24.201 *et seq.;* MSA 3.560[101] *et seq.).*

8. TAXATION—EXEMPTIONS—STATUTES—CONSTRUCTION.

Statutory rules of construction require that tax exemption legislation be strictly construed against the taxpayer.

9. Taxation—Exemptions—Real Estate Taxes—Personal Property Taxes—Air Pollution Control—Water Pollution Control—Personal Property—Real Property—Statutes.

The tax exemption of water pollution control facilities act provides that eligible facilities may be exempted from personal property taxes, while the tax exemption of air pollution control facilities act provides that eligible facilities may be exempted from both real and personal property taxes (MCLA 323.351 *et seq.*, 336.1 *et seq.*; MSA 7.793[51] *et seq.*, 7.793[1] *et seq.*).

Appeal from Van Buren, Meyer Warshawsky, J. Submitted June 8, 1977, at Grand Rapids. (Docket Nos. 29782, 29783.) Decided August 23, 1977.

Separate petitions in circuit court by the tax assessment officer of Covert Township, Van Buren County, for review of air and water pollution control tax exemptions granted to Consumers Power Company by the State Tax Commission. Exemptions affirmed. The Covert Township Assessor appeals. The cases were ordered consolidated on appeal. Affirmed in part and reversed in part.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch,* Assistant Attorney General, for defendant State Tax Commission.

*Robert J. Byers* and *Judd L. Bacon* and *Dykema, Gossett, Spencer, Goodnow & Trigg* (by *James D. Tracy* and *John W. Voelpel*), for defendant Consumers Power Company.

*Bauckham, Reed, Lang & Schaefer,* for plaintiff.

Before: R. B. Burns, P. J., and D. E. Holbrook and M. B. Breighner,* JJ.

M. B. Breighner, J.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

FACTS

We consider two appeals that have been consolidated for hearing and decision in this Court.

The Michigan State Tax Commission issued Consumers Power Company (Consumers) exemption certificates for air pollution control facilities (air facilities) and for water pollution control facilities (water facilities) at the Palisades Nuclear Power Plant in Covert Township, Van Buren County. The circuit court affirmed the grant of these exemption certificates and Covert Township appeals.

The air facilities certificate exempts from taxation real property facilities valued at $9,295,000. The exemption for water facilities involves property valued at $28,173,000.

On May 28, 1968, Consumers applied to the tax commission for exemption certificates covering alleged air pollution control devices pursuant to the tax exemption of air pollution control facilities act, 1965 PA 250; MCLA 336.1 et seq.; MSA 7.793(1) et seq. (Air Exemption Act). This application sought exemption for the reactor containment building, the building's spray system, the building's cooling system, and the facility's gaseous radioactive waste (radwaste) system. On or about January 19, 1972, after a qualified approval by the State Department of Public Health, the State Tax Commission granted exemption certificate No. 251.

Exemption certificate No. 251 exempts from real property taxes the nuclear reactor building and devices in that building designed to contain radioactive material used in or produced by the nuclear generation of electrical power.

In September, 1972, Consumers Power applied to the State Tax Commission for a tax exemption of liquid radwaste treatment facilities. In October,

1972, exemption was sought for cooling towers that cool water used for the production of electricity. These exemptions were sought pursuant to the tax exemption of water pollution control facilities act, 1966 PA 222; MCLA 323.351 *et seq.;* MSA 7.793(51) *et seq.* (Water Exemption Act).

The State Tax Commission granted Consumers certificate No. 327 exempting the radwaste facilities valued at $12,761,000, and certificate No. 340 exempting the cooling towers valued at $15,412,-000.

Following the granting of these exemptions, various administrative actions and judicial proceedings ensued, finally bringing these exemptions for review in this Court.

## AIR FACILITIES

This tax exemption was given pursuant to the Air Exemption Act. The act allows the tax commission to issue an exemption certificate to a "facility" installed or acquired for the primary purpose of controlling or disposing of air pollution which, if released, would render the air harmful or inimical to the public health, or to property in the state. The certificate is to be issued if the Director of Public Health finds the facility is designed and operated primarily for the control, capture and removal of pollutants from the air and is suitable, reasonably adequate and meets the "intent and purposes" of the Air Pollution Act, MCLA 336.11 *et seq.;* MSA 14.58(1) *et seq.*

The Air Pollution Act establishes an eleven-member Air Pollution Control Commission in the State Department of Public Health. Among other things, the commission is empowered to provide standards for ambient air quality and emissions,

issue permits for construction and operation of air pollution control facilities, investigate and prosecute violations, and make appropriate rules and regulations.

## I.

The township first contends that nuclear reactor facilities cannot be exempted from taxation under the Air Exemption Act because such exemption would require that these facilities be subject to the inspection, review and control of the Air Pollution Control Commission under the Air Pollution Act. No such state control is permitted because the Federal government has wholly preempted the regulation of nuclear facilities. This argument is based principally on § 3 of the Air Exemption Act which provides, in part:

"If the director of public health finds that the facility is designed and operated primarily for the control, capture and removal of pollutants from the air, and is suitable, reasonably adequate and meets the intent and purposes of the air pollution act * * * and rules promulgated thereunder, he shall so notify the state tax commission who shall issue a certificate." MCLA 336.3; MSA 7.793(3).

The township contends the "intent and purpose" of the Air Pollution Act is the inspection, supervision, and regulation of air pollution facilities. Therefore, exemption under the Air Exemption Act necessarily includes supervision and control by the Air Pollution Control Commission.

We disagree.

The tax commission and the circuit court found the Air Exemption Act does not require that eligible facilities, in order to qualify for exemption, be

subject to regulation by the qualifying agency. The commission and the circuit court further found that the Federal government's preemption of the regulation of nuclear reactor facilities did not preclude issuance of exemption certificates under the Air Exemption Act.

The State Tax Commission held, in part:

"The intent and purposes of the Air Pollution Act and Rules * * * are to control pollution and thereby to protect the health, welfare and safety of Michigan citizens, the productive capability of the assets of those citizens, and the natural resources of the State. That intent and those purposes are served by pollution control facilities constructed within the State of Michigan whether required by reason of federal or state regulation. Compatibility with intent and purposes is not dependent upon regulation. Such compatibility is established by the ability of a facility to control pollution. It is not regulation that is the *quid pro quo* for tax exemption. That *quid pro quo* is the control of pollution and, thereby, the protection of the health, welfare and safety of Michigan citizens and their assets. It is the fact that pollution control is *provided* that is important and not whether that pollution control is provided in response to state or federal regulation. If the legislature had wanted to require more, it would have been a simple matter to require that all facilities eligible for exemption be *subject* to regulation under either the Air Pollution Control Act and Rules or the Water Resources Act."

The circuit court found, in part:

"The mere fact that the Federal Government has control of the facility does not vitiate the State from dealing with the facility in the same fashion as it would with any other citizen or Michigan corporation. To discriminate against the installation merely because it was regulated and controlled by federal guidelines would appear to be an untenable position. * * *

"The basis of denial of tax exemption cannot depend solely on the lack of a regulatory relationship between a state and the entity to receive the benefit of exemption. The mere fact that the federal government may have exclusive or paramount regulatory jurisdiction cannot and should not logically affect the tax exemption acts of the state. Jurisdictional requirements can not and should not affect legislation which has as its intent and purpose the encouragement of capital investments to protect the health and safety of Michigan citizens."

The area of tax exemption for pollution control facilities is a new one. The few cases dealing with this subject are not helpful in this case. See generally, 71 Am Jur 2d, State and Local Taxation, § 335.5 (June 1977 Cum Supp, p 14), Anno: *Validity and Construction of Statute or Ordinance Allowing Tax Exemption for Property Used in Pollution Control,* 65 ALR3d 434.

In the absence of controlling authority, we believe the State Tax Commission and the circuit court properly decided the issue.

The state may not regulate nuclear reactors because the Federal government has preempted that field. That was made clear in *Northern States Power Co v Minnesota,* 447 F2d 1143, 1154 (CA 8, 1971), where the Court concluded:

"[W]e hold that the federal government has exclusive authority under the doctrine of pre-emption to regulate the construction and operation of nuclear power plants, which necessarily includes regulation of the levels of radioactive effluents discharged from the plant."

*Northern States Power Co* was affirmed by the United States Supreme Court without opinion, 405 US 1035; 92 S Ct 1307; 31 L Ed 2d 576 (1972). Recently, the United States Supreme Court reiterated this point in *Train v Colorado Public Interest*

*Research Group, Inc,* 426 US 1; 96 S Ct 1938; 48 L Ed 2d 434 (1976). The Court held the Federal Environmental Protection Agency lacked authority to regulate the discharge into waterways of nuclear waste materials. That area is subject to exclusive regulation of the Nuclear Regulatory Commission.

The Federal preemption doctrine does not bar all state regulation and control of nuclear facilities. For example, the Palisades facility is subject to permit and monitoring requirements of the Michigan Water Resources Commission regarding the heat and chlorine content of liquid discharges. Moreover, as this Court recognized in *Marshall v Consumers Power Co,* 65 Mich App 237; 237 NW2d 266 (1975), state jurisdiction is not preempted regarding nonradiological matters incident to the construction and operation of a nuclear plant.

We do not believe the right to exemption depends on the presence or absence of regulation, state or Federal. The power to regulate must be distinguished from the power to tax, or exempt facilities from taxation. While the state is prohibited from imposing stricter conditions, regulating the level of radioactive discharge, than those required by the Atomic Energy Commission, appropriate state officials may still certify that such facilities meet state air pollution control laws for the purpose of state tax exemption.

## II.

Next, the township contends none of the exempted facilities meet the criteria for exemption under §§ 1 and 3 of the Air Exemption Act: that the facility be installed for the *primary* purpose of controlling air pollution; that the facility be designed and operated *primarily* for control *and*

removal of pollutants; that the facility be suitable and *reasonably adequate* for such purposes and that the facility meet the *intent and purposes* of the Air Pollution Act.

. We disagree.

Thére is no authority supporting these contentions and none is offered by either party. We read the Air Exemption Act to give it a broad interpretation in order to accomplish the legislative purpose intended.

The legislative purpose is to encourage pollution control. The record supports the exemption as satisfying this purpose. It is not persuasive that these facilities are required by the Nuclear Regulatory Commission as a condition for obtaining a license to operate a nuclear generator. While true, this does not detract from their pollution control function.

The Air Exemption Act reposes in the Director of Public Health, and the State Tax Commission, discretion to decide if specified facilities are entitled to exemption as air pollution control facilities. That determination is not to be made by the Court. It is within the expertise of the agencies involved. Our role on appeal from such a determination is limited. We only determine if clear legal error was made by the agencies and if findings of fact are supported by competent, material and substantial evidence on the whole record.

Contested cases before the State Tax Commission are governed by provisions of the Administrative Procedures Act of 1969 (APA), MCLA 24.201 *et seq.;* MSA 3.560(101) *et seq., Ann Arbor Township v State Tax Commission,* 393 Mich 682; 227 NW2d 784 (1975), *Cooper Township v State Tax Commission,* 393 Mich 58; 222 NW2d 900 (1974), *Covert Township Assessor v State Tax Commis-*

*sion,* 53 Mich App 300; 218 NW2d 807 (1974). Grounds for review of agency action under the APA are set out in § 106. They include the grounds that agency action is in violation of a statute or the constitution; that it is in excess of statutory authority; that it is made under unlawful procedures; that it is arbitrary, capricious or an abuse of discretion unsupported by competent, material and substantial evidence, or affected by other substantial and material error of law. MCLA 24.306; MSA 3.560(206).

The township is seeking a *de novo* determination of the eligibility of the air facilities for exemption. That task has been assigned by the Legislature to administrative agencies. The township's appeal to this Court involves a reargument of issues presented to the agency and to the circuit court.

## WATER FACILITIES

Under the Water Exemption Act, the State Tax Commission may grant a certificate exempting certain facilities from personal property taxes if the Water Resources Commission determines the facility is designed and operated primarily for control, capture and removal of industrial waste from the water, and is suitable, reasonably adequate and meets the intent and purposes of the water resources commission act, 1929 PA 245 as amended; MCLA 323.1 *et seq.;* MSA 3.521 *et seq.*

The township claims several grounds for reversal of the decision to exempt radwaste facilities and cooling towers at Consumers' Palisades plant. We need consider only one as it is dispositive of the exemption allowed for water facilities. We reverse.

Section 4(1) of the Water Exemption Act provides:

"For the period subsequent to the effective date of the certificate and continuing so long as the certificate is in force, a facility covered thereby is exempt from personal property taxes * * * ." MCLA 323.354(1); MSA 7.793(54)(1).

The township assessed Consumers' water facilities as real property and placed them on the real property tax roll. Consumers registered no objection to this, and has never claimed the facilities as personal property on their annual personal property statement. Neither the State Tax Commission, nor the circuit court, examined the question of whether these facilities were real or personal property. The exemption, when granted and approved, was not considered in these terms.

Consumers' radwaste treatment system and its cooling towers are realty as defined by the General Property Tax Act, MCLA 211.1 *et seq.;* MSA 7.1 *et seq.,* and under common-law principles. We find they are realty because of their permanence, size, function and physical attachment to the Palisades plant.

Unlike the Air Exemption Act, which exempts real property, the Legislature did not provide a real property tax exemption in the Water Exemption Act. Statutory rules of construction require that exemption legislation be strictly construed against the taxpayer. Section 4(1) of the Water Exemption Act provides that eligible facilities are exempt from personal property taxes. The statute is plain and unambiguous and needs no construction.

"Where the legislative intent is fairly ascertainable

from the declared purpose of a statute the language of the enactment controls. That is, if the language of a statute is unambiguous, no interpretation or construction is necessary and the intent so manifested must be recognized, and its plain meaning is controlling, since the construction of a statute cannot be repugnant to the clear meaning of the words thereof." 21 Michigan Law & Practice, Statutes, § 82, p 84.

That there is no ambiguity in § 4(1) is clear. The comparable section in the Air Exemption Act specifically provides: "a facility covered thereby is exempt from *real and personal* property taxes * * * ." MCLA 336.4(1); MSA 7.793(4)(1). (Emphasis supplied.) If the Legislature had intended to exempt facilities from both real and personal property taxes, in the Water Exemption Act, it could have made such a provision as was done in the Air Exemption Act.

The exemption under consideration was granted for real property taxes. It is contrary to the express provisions of the Water Exemption Act.

Affirmed as to the tax exemption for air facilities. Reversed as to the exemption for water facilities. No costs.