HUNTINGTON WOODS PUBLIC SAFETY OFFICERS v CITY OF
HUNTINGTON WOODS

Docket No. 78-697. Submitted November 15, 1978, at Lansing.—Decided February 20, 1979. Leave to appeal applied for.

The Huntington Woods Public Safety Officers, Local 755, Council 23, American Federation of State, County and Municipal Employees, AFL-CIO, the bargaining representative of the Huntington Woods Fire Department employees, brought an action for injunctive relief against the City of Huntington Woods claiming that a rotating-shift work schedule of the fire department employees, which was part of a collective bargaining arbitration award, violated the statute which regulates the working hours of municipal firefighters. The Oakland Circuit Court, Alice L. Gilbert, J., granted judgment for the plaintiffs, ordering the city to comply with the statute. The city appeals. *Held:*

The statute, in two separate sections, limits the working hours of firefighters to 56 hours per week, 24 hours on duty and 24 hours off duty in any 48-hour period, except where a municipality has, by agreement with its employees, established a work week of no more than 40 hours. The rotating-shift schedule in this case does not violate the statute. The fact that the agreement was the result of compulsory binding arbitration rather than of negotiations is not determinative because the statute makes no such distinction.

Reversed.

CYNAR, P.J., dissented. He would hold that because the rotating shift agreement includes a 56-hour work week, the city

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 115, 133.

48 Am Jur 2d, Labor and Labor Relations §§ 1849, 1850, 1863.

Right of labor union, or other organization for protection or promotion of interests of members, to challenge validity or ordinance on behalf of members. 2 ALR2d 917.

Union organization and activities of public employees. 31 ALR2d 1142.

[2, 3] 73 Am Jur 2d, Statutes § 313.

does not come within the statutory exception for cities ·with agreed-upon 40-hour weeks, and therefore the 40-hour, five-day week shifts are in violation of the off-duty requirement of the statute. He would affirm.

OPINION OF THE COURT

1. MUNICIPAL CORPORATIONS — LABOR LAW — FIREFIGHTERS — HOURS OF EMPLOYMENT — STATUTES.

A municipal fire department's work schedule in which the employees alternate between a shift of 8 hours per day, 40 hours per week and a shift of 24 hours per day, 56 hours per week does not violate a statute which makes it unlawful for a municipality to require firefighters to be on duty more than 24 hours or off duty less than 24 consecutive hours in any 48-hour period and to work more than an average of 56 hours per week, and which by its terms does not apply to any municipality which by agreement with its employees does not require more than 40 hours of duty in any 7-day period (MCL 123.841, 123.842[e]; MSA 5.3331, 5.3332[e]).

DISSENT BY CYNAR, P.J.

2. STATUTES — CONSTRUCTION OF STATUTES — EXCEPTIONS.

*Generally, exceptions in a statutory scheme are to be narrowly construed.*

3. MUNICIPAL CORPORATIONS — LABOR LAW — FIREFIGHTERS — HOURS OF EMPLOYMENT — STATUTES.

*A municipality which has a labor agreement with its firefighters under which the firefighters work a shift of 56 hours per week therefore does not fall within an exception for communities which, under agreement, do not require more than 40 hours in any 7-day period and is therefore subject to the terms of a statute which limits the working hours of firefighters to 56 hours per week, 24 hours on duty and 24 hours off duty in any 48-hour period, and the agreement violates the off-duty requirements of the statute because it rotates the 56-hour week with a 40-hour, 5-day work week (MCL 123.841, 123.842[e]; MSA 5.3331, 5.3332[e]).*

*Maybaugh, Wellman & Monnich,* for plaintiff.

*Davis, Hayward, Hertler, Jones & Kingsepp,* for defendant.

Before: CYNAR, P.J., and R. B. BURNS and M. B.
BREIGHNER,* JJ.

R. B. BURNS, J. Plaintiff union brought suit com-
plaining that defendant city was violating the fire
department hours of labor act, MCL 123.841-
123.843; MSA 5.3331-5.3333. The trial court agreed
and ordered defendant to comply with MCL
123.841; MSA 5.3331. Defendant appeals and we
reverse.

Plaintiff represents city employees who engage
in firefighting. Pursuant to a collective bargaining
agreement arrived at by compulsory binding arbi-
tration, MCL 423.231 et seq.; MSA 17.455(31) et
seq., the employees work a rotating schedule, al-
ternating between eight hours per day, 40 hours
per week on the day, midnight and afternoon
shifts and a shift of 24 hours per day, 56 hours per
week.

MCL 123.841; MSA 5.3331 makes it unlawful for
a municipality to require firefighters to be on duty
more than 24 hours, or off duty less than 24
consecutive hours in any 48-hour period, and to
work more than an average of 56 hours per week.
In Flynn v City of Fraser, 45 Mich App 346; 206
NW2d 448 (1973), this Court upheld a trial court's
determination that a 40-hour, five-day work week
violated MCL 123.841; MSA 5.3331. While recog-
nizing that hours of employment were subject to
collective bargaining and compulsory and binding
arbitration, we ruled that a collective bargaining
agreement or arbitration award could not contra-
vene the limits set by the statute.

Apparently in response to Flynn, the Legislature
amended the act to provide for a 40-hour work

---

* Circuit judge, sitting on the Court of Appeals by assignment.

week under certain circumstances. MCL
123.842(e); MSA 5.3332(e) provides:

"The provisions of section 1[1] shall not apply * * * [t]o
any municipality which, by agreement with the collect-
ive bargaining agent representing affected employees,
does not require its employees engaged in fire fighting
or subject to the hazards thereof, to be on duty more
than 40 hours in any consecutive 7-day period."

Plaintiff argues that MCL 123.842(e); MSA
5.3332(e) is an exception to MCL 123.841; MSA
5.3331, and it is illogical to assume the Legislature
intended both the general rule and exception to
apply simultaneously. However, the different shift
schemes cannot be, and are not, applied simultane-
ously, but may be applied without conflict in rota-
tion. We read the statutes as requiring the 24-hour
shift restrictions to apply, unless, in any given
week, pursuant to agreement, employees are not
required to work more than 40 hours.

Plaintiff also argues that the shift rotation
schedule is not a result of an "agreement with the
collective bargaining agent representing affected
employees", MCL 123.842(e); MSA 5.3332(e), be-
cause the agreement was a result of compulsory
binding arbitration rather than solely of negotia-
tions. However, the statute draws no such distinc-
tion. There exists an agreement sufficient to bring
the 40-hour week rotations within the statute.

Reversed. No costs, a public question.

M. B. BREIGHNER, J., concurred.

CYNAR, P.J. *(dissenting).* I disagree with the
majority's analysis of the statutory scheme. The

---

[1] MCL 123.841; MSA 5.3331.

exception in MCL 123.842(e); MSA 5.3332(e) is limited to:

"any municipality which, by agreement with the collective bargaining agent representing affected employees, does not require its employees engaged in fire fighting or subject to the hazards thereof, to be on duty more than 40 hours in *any* consecutive 7-day period." (Emphasis added.)

This exception was apparently enacted as a result of the decision in *Flynn v City of Fraser,* 45 Mich App 346; 206 NW2d 448 (1973), where the Court held that a regular 40-hour work week violated the provisions of MCL 123.841; MSA 5.3331.

I believe that the exception in MCL 123.842(e); MSA 5.3332(e) should be limited to the regular 40-hour work week present in *Flynn, supra.* As a general rule, exceptions in a statutory scheme are to be narrowly construed. *Lee v J H Lee & Son,* 72 Mich App 257, 260; 249 NW2d 380 (1976), *Grand Rapids Motor Coach Co v Public Service Comm,* 323 Mich 624, 634; 36 NW2d 299 (1949). This is especially true when the statute was enacted in response to a single case.

The arbitrated agreement in question here provides for a 56 hour per week shift. Therefore, the municipality does not fall within the terms of MCL 123.842(e); MSA 5.3332(e) as such a shift requires the employees to be on duty "more than 40 hours in any consecutive 7-day period".

Since the statutory exception is inapplicable, the agreement is subject to the requirements of MCL 123.841; MSA 5.3331. That section prohibits a municipality from requiring firefighting employees "to be on duty in such employment more than 24 hours, or to be off duty less than 24 consecutive hours out of *any* 48-hour period". (Emphasis

added.) Since the agreement provides for a shift in which the employees work a 5-day, 40-hour work week, the off-duty requirements of MCL 123.841; MSA 5.3331 are not met. *Flynn, supra.*

Since the arbitrated agreement violates the provisions of MCL 123.841; MSA 5.3331, the trial judge properly ordered defendant to comply with the provisions of that statute. I find no error in that decision and would affirm.