ROCKWELL AND BOND, INC. v FLYING DUTCHMAN, INC.

1. APPEAL AND ERROR—FINDINGS OF FACT—DEFINITE MISTAKES.

A finding of fact made by a trial judge will be set aside as clearly erroneous where the reviewing court finds that a definite mistake has been committed.

2. CONTRACTS—CONTRACT IMPLIED IN FACT—INTENTION TO CONTRACT.

A contract implied in fact arises under circumstances which show a mutual intention to contract, according to the ordinary course of dealing and common understanding.

3. CONTRACTS—CONTRACT IMPLIED IN FACT—CONDUCT AND LANGUAGE OF PARTIES.

A contract is implied in fact where the intention as to it is not manifested by direct or explicit words between the parties, but is to be gathered by implication or proper deduction from the conduct of the parties, the language used or things done by them, or other pertinent circumstances attending the transaction.

4. PRINCIPAL AND AGENT—ARCHITECTS—CONTRACTS—CONTRACTORS—TERMS OF AGREEMENT.

An architect is the agent of the owner of property upon which work is performed, not of the contractor doing the work, and communications between the architect and the owner do not establish the terms of an agreement, if any, between the owner and the contractor.

5. JUDGMENT—MERE CONCLUSIONS—FINDINGS OF FACT—COURT RULES.

A trial court's statement of mere conclusions without disclosure of the facts relied upon to support the conclusions does not

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 19.
[2, 3] 17 Am Jur 2d, Contracts §§ 3, 4.
[4] 5 Am Jur 2d, Architects § 5.
[5] 76 Am Jur 2d, Trial § 1250.
[6] 17 Am Jur 2d, Contracts § 83.
[8] 30 Am Jur 2d, Evidence §§ 957, 958.
[9] 29 Am Jur 2d, Evidence § 249.

satisfy the court rule which requires that a trial court, sitting without a jury, shall find the facts specially and state separately its conclusions of law (GCR 1963, 517.1).

6. Contracts—Damages—Quantum Meruit—Reasonable Value of Services—General Practice of Industry.

A trial judge must make a determination of the reasonable value of services rendered when awarding damages based on quantum meruit, considering factors such as the general practice of the industry.

7. Appeal and Error Trial—Contested Factual Issues—Legal Conclusions—Remand.

A case must be remanded for a determination of contested factual issues where the trial judge, sitting without a jury, failed to make determinations upon which to base his legal conclusions.

8. Evidence—Business Records—Subcontractors—Reasonable Value of Services.

Bills that a plaintiff contractor received from subcontractors were properly admitted into evidence as business records where the contractor testified that he had used the bills as the basis for his charges to the defendant owner of a building being remodeled, that it was his opinion that the subcontractors' bills were reasonable, and where the defendant produced no evidence challenging the reasonableness of the bills.

9. Evidence—Relevancy of Evidence—Judge's Discretion.

Determinations of the relevancy of evidence are within the sound discretion of the trial judge.

Appeal from Emmet, Martin B. Breighner, J. Submitted January 5, 1977, at Grand Rapids. (Docket No. 25671.) Decided March 2, 1977. Opinion after remand, April 18, 1977. Leave to appeal applied for.

Complaint by Rockwell and Bond, Inc., against Flying Dutchman, Inc., for damages for breach of a construction contract. Defendant counterclaimed for damages for breach of that same contract. Judgment for plaintiff. Defendant appeals. Remanded for further proceedings.

*Ronald W. Powers,* for plaintiff.

*Scholl & Ingram,* for defendant.

Before: BEASLEY, P. J., and R. B. BURNS and J. H. GILLIS, JJ.

J. H. GILLIS, J. On July 3, 1974 plaintiff commenced an action against defendant to recover damages for an alleged breach of a construction contract in that defendant had failed to pay money owing which totalled $45,818.48. Defendant denied a breach and filed a counterclaim alleging that plaintiff was the breacher in failing to totally complete the project, resulting in a loss of profits to defendant, and also that plaintiff's workmanship had been deficient in various respects. These actions were consolidated for trial with the case of Swanson Associates, Inc. v Flying Dutchman, Inc.[1] A bench trial was conducted, resulting in a judgment for plaintiff. Defendant appeals as of right.

There is no dispute that the parties agreed in this case that plaintiff would perform work for the remodeling of the interior of the Flying Dutchman restaurant. The heart of the controversy is this: plaintiff claims that the contract was on a "time and materials" basis and defendant contends that the contract was on a "fixed sum and fixed time" basis.

The testimony at trial established that plaintiff had previously contracted with defendant for the remodeling of the exterior of the restaurant. The contract was written on a "fixed sum" basis. The work was completed and consideration paid to everyone's satisfaction.

Shortly thereafter, in January or February of

---

[1] Swanson Associates, Inc. (hereinafter referred to as Swanson) is the architectural firm involved in this project. They also sued defendant to recover contract damages. That case is not before us now; but in order to fully understand the present factual situation, parts of that case will be included in our discussion.

1972, John VanAlstyne, president of defendant corporation, decided to remodel the interior of the restaurant, the subject matter of this dispute. VanAlstyne contacted Weslie Hofland, the agent of Swanson, for the purpose of preparing plans and receiving bids. VanAlstyne advised Hofland that the project was urgent and that he desired it to be completed by June, 1972. Preliminary drawings were prepared and the project was put out for estimates. Plaintiff submitted an estimate of $55,-000 to $60,000 based on these drawings and was chosen as the contractor for the job. Defendant secured a loan to cover this estimate. This estimate did not include mechanical and electrical costs. No written contract was ever drafted between plaintiff and defendant as to this project.

The restaurant was closed during the period of April 18 through May 11, 1972 so that the bulk of the construction could be completed. However, the crew did not arrive until April 24, 1972, and little work was accomplished. Construction continued with additional drawings being prepared on a day-by-day and week-by-week basis to reflect the working decisions as they were made. Hofland stated that he was present at the job site approximately three times per week. VanAlstyne was present almost daily taking an active role in the project. Numerous changes, revisions and decisions were made as the job progressed.

Plaintiff billed defendant a total of $100,156.20 for labor and material. Defendant paid $54,337.72. Upon the failure of defendant to pay the remainder of the bill, plaintiff ceased work. Defendant has since expended additional funds for the completion of some of the unfinished work.

The trial court found a contract implied in fact and concluded that plaintiff should be paid for

services rendered on a "time and materials" basis. The court then awarded plaintiff its requested damages.[2] The trial court also concluded that defendant's counterclaim had no merit.

The record and pleadings are complicated and confusing. We have attempted to simplify and clarify the issues presented on appeal, classifying defendant's arguments into two major areas: a) complaints as to the findings of the trial judge, and b) evidentiary complaints.

With respect to the first area of complaint, defendant claims that the trial court failed to comply with GCR 1963, 517.1 in two respects: a) that the trial court's finding of a contract implied in fact is clearly erroneous, and b) that the trial court failed to make sufficient findings of fact as to various disputed issues in the principal complaint and the counterclaim.

GCR 1963, 517.1 provides:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. It will be sufficient if the court makes brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts. If an opinion or memorandum decision is filed, it will be sufficient if the findings and conclusions appear therein. The clerk shall notify the attorneys for both parties of the findings of the court. Findings of fact and conclusions of law are unnecessary on decisions of motions except as provided in sub-rule 504.2. Requests for findings are not necessary for purposes of review. No exception need be taken to

---

[2] Actually, the trial court did not award plaintiff everything it had requested. The trial judge declined to award interest and also gave a ten per cent credit for services plaintiff admitted he did not render. However, plaintiff's general request for damages was awarded, *i.e.,* the bills sent to defendant for work done and contracted by plaintiff.

any finding or decision. Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it."

In support of the "clearly erroneous" argument, defendant directs us to various communications between itself and Swanson wherein Swanson listed the projected cost of the project to be about $60,000. Defendant further argues that it is incredible to believe that plaintiff's original estimate did not include mechanical and electrical costs and at the very least plaintiff was required to inform defendant that the estimate did not include such factors, and also to warn VanAlstyne that the cost was exceeding the estimate. Additionally, defendant submits that the procuring of the loan establishes his belief that the contract was for a "fixed sum".

A finding of fact made by a trial judge will be set aside as clearly erroneous if the reviewing court finds that a definite mistake has been committed. *Tuttle v Department of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976). We do not find a definite mistake in this case.

A contract implied in fact has been defined as one that:

"arises under circumstances which, according to the ordinary course of dealing and common understanding, of men, show a mutual intention to contract. *In re Munro's Estate,* 296 Mich 80 [295 NW 567] (1941). A contract is implied in fact where the intention as to it is not manifested by direct or explicit words between the parties, but is to be gathered by implication or proper deduction from the conduct of the parties, language used or things done by them, or other pertinent circumstances attending the transaction. *Miller v Stevens,* 224

Mich 626 [195 NW 481] (1923). The existence of an implied contract, of necessity turning on inferences drawn from given circumstances, usually involves a question of fact, unless no essential facts are in dispute." *Erickson v Goodell Oil Co, Inc,* 384 Mich 207, 211–212; 180 NW2d 798 (1970).

John Rockwell, president of plaintiff corporation, testified that it was his understanding that pay- ments would be made on a "time and materials" basis. He also stated that his company would never have given a firm estimate based on drawings as incomplete as the ones initially submitted to him. The mechanical and electrical specifications were not determined until the equipment was already in place. This work was done by subcontractors on a "time and materials" basis and not by plaintiff itself. The types of materials and fixtures to be installed were determined on a daily basis as new drawings were prepared. Although VanAlstyne testified that he was unaware that the estimate was based on preliminary drawings, Hofland testified that he was fully aware of that fact and further stated that he advised Van-Alstyne to hire kitchen and bar consultants for the purpose of determining the needed specifications. Defendant's own expert stated that any estimate based on the preliminary drawings would actually be a "guesstimate" because the materials used would greatly determine the cost.

Defendant itself places the blame for most of the misunderstandings on Swanson. We are not deciding the merits of that claim, but we do point out that the architect is the agent of the owner, not the contractor. The communications between Swanson and VanAlstyne may be relevant in determining VanAlstyne's state of mind, but these communications do not establish the terms of the

agreement, if any, between plaintiff and defendant. In fact, Swanson's understanding that the estimate was based on preliminary drawings is binding on defendant.

The trial judge found no express agreement between the parties as to the price terms of the construction contract. He analyzed the conduct of the parties including, but not limited to, Van-Alstyne's constant presence at the job site and the need to make day-to-day determinations of desired materials due to the absence of necessary specifications in the initial drawings submitted to plaintiff and concluded that the implied contract was on a "time and materials" basis. We find no mistake in his conclusion and find ample support in the evidence.

In answer to defendant's second contention of noncompliance with GCR 1963, 517.1, we agree with some of the claims made and find the others to lack merit. We direct the reader to *Ray v Mason County Drain Commissioner,* 393 Mich 294; 224 NW2d 883 (1975), and *Powell v Collias,* 59 Mich App 709; 229 NW2d 897 (1975), for a detailed explanation of the requirements of GCR 1963, 517.1. Most applicable to the present situation is the principle that mere conclusions without disclosure of the facts relied upon to support the conclusions do not satisfy the rule.

In the instant case, the trial judge's opinion contains a recital of the relevant facts and claims of the parties. It then continues on to reveal the court's conclusions and resolutions. We reprint those findings in relevant part:

"The court concludes that the owner entered into an implied contract with the contractor and architect, under the terms of which he agreed to pay them a

reasonable price for labor, material, and services rendered.

"The court finds the contractor did furnish value in the amount of $100,156.20, for which it is entitled to be paid.

\* \* \*

"The court finds no merit to defendant's counterclaim, since the court finds the breach to be the owner's for nonpayment."

Although the trial judge determined that plaintiff was entitled to recover a reasonable price for the services rendered, he failed to factually determine reasonableness. Plaintiff testified that his usual markup on materials is 33-1/3 per cent. Defendant produced witnesses who testified that the general practice of the industry is to charge a 10–20 per cent markup on a "time and materials" contract. In awarding damages based on *quantum meruit* the trial judge must make a determination of reasonable value considering factors such as general practice of the industry. See *H O Brackney & Son v Ryniewicz,* 346 Mich 404, 409–410; 78 NW2d 127 (1956). The trial judge failed to determine what percentage is reasonable.

Defendant also presented witnesses who testified that plaintiff overcharged it for the wine rack. The trial judge failed to determine this contested issue.

Additionally, the trial judge failed to factually determine the merits of defendant's counterclaim. Although the plaintiff succeeded in persuading the court that the contract was on a "time and materials" basis, it does not follow that plaintiff is relieved from liability if its workmanship is defective.

The trial judge is instructed to factually determine the contested issues including the amount of the charges, the alleged overcharge on the wine

rack, and also the defective floor and failure to provide a masonry ceiling as alleged in the counterclaim.

Proceeding to the evidentiary claims, defendant contends that the trial judge erred in admitting evidence of the subcontractors' bills. Rockwell testified that from his experience as a general contractor it was his opinion that the bills were reasonable. Defendant produced no evidence challenging the reasonableness of the subcontractor's work. After reviewing the record, it is our opinion that Rockwell gave sufficient testimony establishing that the bills as received were entered as business records and that he used these as the basis for his bills to defendant. We find no error in admitting the bills on those grounds. *Cf. R G Moeller Co v Van Kampen Construction Co,* 57 Mich App 308, 314; 225 NW2d 742 (1975).

We likewise find no error in the trial judge's refusal to compel plaintiff to produce documents of contracts with other individuals and corporate tax records. After argument on the issue, the trial judge determined that

"The probative value of such evidence does not justify the distraction that it would cause to become involved in separate problems which have very little relevancy or materiality to this case. Accordingly, the court is of the opinion that such evidence, if it were produced, is not admissible, and will not require the enforcement of the subpoena as to that evidence."

It is well established that relevancy determinations are within the sound discretion of the trial judge. We find no abuse of discretion.

This cause is remanded to the trial court for factual determinations to be made consistent with this opinion. The trial judge is additionally in-

structed to deduct from whatever damages are ultimately determined the $4,847 that was not part of this project.

The remaining issues do not merit discussion, including the issue raised claiming error in the Swanson case and the alleged error in the dismissal of the defendant's separate cause of action brought against plaintiff.[3]

Remanded. We retain jurisdiction. No costs, neither party having prevailed in full.

OPINION AFTER REMAND (April 18, 1977)

This case was originally heard by this same panel. On March 2, 1977, we released an opinion remanding this cause to the trial court for additional factual determinations.

The trial court has complied with our order submitting to us factual determinations on the necessary issues. We have reviewed those findings. We are not of the opinion that the trial court has committed a definite mistake. *Tuttle v Department of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976). We therefore affirm the trial court's decision.

Affirmed. No costs.

---

[3] These two issues claim error in circuit court cases other than the one presently before us on appeal. Accordingly, we will not address these issues.