RAINES v CITY OF FLINT

NEGLIGENCE—CONTRACTS—BREACH OF CONTRACT—MEDICAL MALPRAC-
TICE—GOVERNMENTAL IMMUNITY.

A claimed liability of a public hospital for damages to a patient
which rests on the alleged failure of medical personnel to
exercise due care in the treatment of the patient does not
qualify as an exception to the doctrine of governmental immu-
nity, whether the action is based on negligence or on breach of
contract.

Appeal from Genesee, John W. Baker, J. Sub-
mitted November 7, 1977, at Lansing. (Docket No.
77-1348.) Decided December 8, 1977. Leave to ap-
peal applied for.

Complaint by Norvil J. Raines and Ella M.
Raines against the City of Flint for damages for
medical malpractice in the treatment of plaintiff
Norvil J. Raines while a patient at Hurley Hospi-
tal. Accelerated judgment for defendant. Plaintiff
appeals. Affirmed.

*David Melkus,* for plaintiffs.

*Wilson, Portnoy, Basso & Leader, P. C.,* for de-
fendant.

Before: QUINN, P. J., and V. J. BRENNAN and
C. L. BOSMAN,* JJ.

QUINN, P. J. November 1, 1973, Norvil J. Raines

REFERENCES FOR POINTS IN HEADNOTE
40 Am Jur 2d, Hospitals and Asylums §§ 20–25.
Immunity from liability for damages in tort of state or governmen-
tal unit or agency in operating hospital. 25 ALR2d 203.
* Circuit judge, sitting on the Court of Appeals by assignment.

was treated at defendant's Hurley Hospital for a lacerated wrist received in an accident with a glass door. Particles of glass in the wound were not discovered and removed, which required further treatment and surgery.

May 14, 1974, plaintiffs filed their complaint in two counts, one of negligence and one of breach of contract. November 15, 1974, defendant moved for accelerated judgment on the basis of governmental immunity. The trial court held decision on the motion in abeyance pending decision by the Supreme Court on the constitutionality of governmental immunity. April 11, 1977, the trial court granted accelerated judgment and plaintiffs filed this appeal thereafter.

Governmental immunity is provided by MCLA 691.1407; MSA 3.996(107). We recognize that the doctrine has been and remains under attack and that its viability remains uncertain. However, it is not for us to attempt to forecast the ultimate resolution of the question. We are bound by existing precedent which sustains the grant of accelerated judgment on the negligence count, *Thomas v Department of State Highways,* 398 Mich 1; 247 NW2d 530 (1976), *Martinson v Alpena,* 328 Mich 595; 44 NW2d 148 (1950).

Count II of plaintiffs' complaint alleges:

"17. That, at the times alleged herein, when Plaintiff sought medical care with Defendant, said parties entered into a contract, the terms of which required the Defendant, for a pecuniary consideration, to examine, diagnose and treat the Plaintiff in an ordinarily skillful manner.

"18. That the Defendant failed to furnish the services required by the agreement."

Count I of plaintiffs' complaint alleges:

"14. That the Defendant hospital owed a duty to this Plaintiff to hire competent medical personnel and to properly train and supervise said personnel and, further, owed a duty, through its medical personnel to render to the Plaintiff skilled and expert medical care no less than that degree of skill and expertise that was commensurate with the standard of care existing in the community.

"15. That the Defendant did utterly fail to fulfill said duties and did, more specifically, fail to exercise that standard of care with respect to the examination, diagnosis and treatment of the Plaintiff which it was duty bound to render; and, failing to do so, neglected to discover, as it should have, the glass in the Plaintiff's arm which led to the further disability of the Plaintiff."

It is apparent that whether the action is negligence or contract, the claimed liability rests on the alleged failure of medical personnel to exercise due care. Under the reasoning of *Howell v Outer Drive Hospital,* 66 Mich App 142; 238 NW2d 553 (1975), Count II is redundant and does not qualify as an exception to the doctrine of governmental immunity.

Affirmed with costs to defendant.