ZIEHM v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 77-3932. Submitted December 19, 1978, at Detroit.—De-
cided February 20, 1979. Leave to appeal denied, 406 Mich 959.

Plaintiff, Nelson Ziehm, brought an action against State Farm
Mutual Automobile Insurance Company on behalf of the estate
of his son, David P. Ziehm, who was killed while riding as a
passenger in an automobile operated by Raymond A. Beaufait.
The automobile was insured by defendant under a policy con-
taining the standard $20,000 coverage for injury to one person
in one accident or $40,000 for injury to two or more persons in
one accident. At trial the parties stipulated that if the trial
court found the limitations to be valid, plaintiff would accept in
full settlement the $20,000 defendant had already paid him. On
the other hand, if the court found that a section of the no-fault
automobile insurance law required residual liability coverage to
be without dollar limit, defendant agreed to pay an additional
$60,000 in settlement of the lawsuit against Beaufait. Summary
judgment for defendant, Wayne Circuit Court, Horace W. Gil-
more, J. Plaintiff appeals by leave granted. *Held:*

The standard bodily injury claim limitations under the no-
fault automobile insurance law are $20,000/$40,000; $20,000 for
bodily injury to or death of 1 person in any one accident and
$40,000 for bodily injury or death of 2 or more persons in any
one accident.

Affirmed.

1. AUTOMOBILES — INSURANCE — NO FAULT — INSURANCE CODE —
PROPERTY DAMAGE COVERAGE — STATUTES.

The former $10,000 property damage limitation under the Insur-

REFERENCES FOR POINTS IN HEADNOTES

[1] New Topic Service Am Jur 2d, No-Fault Insurance § 15.
[2] New Topic Service Am Jur 2d, No-Fault Insurance §§ 27, 31.
[3] New Topic Service Am Jur 2d, No-Fault Insurance §§ 21, 26, 27.
[4] New Topic Service Am Jur 2d, No-Fault Insurance § 9.
[5] 73 Am Jur 2d, Statutes §§ 393, 395.
[6] 73 Am Jur 2d, Statutes § 250.
[7] New Topic Service Am Jur 2d, No-Fault Insurance § 1.
[8] 73 Am Jur 2d, Statutes § 168.
[9] 73 Am Jur 2d, Statutes §§ 171, 178.

ance Code of 1956 has been repealed by a section of the no-fault automobile insurance law which raised the limits for property damage claims to $1,000,000 (MCL 500.3121; MSA 24.13121).

2. AUTOMOBILES — INSURANCE — NO FAULT — DEATH — BODILY INJURY COVERAGE — STATUTES.

The bodily injury claim limitations under the no-fault automobile insurance law are $20,000/$40,000; $20,000 for bodily injury to or death of 1 person in any one accident and $40,000 for bodily injury to or death of 2 or more persons in any one accident (MCL 500.3009; MSA 24.13009).

3. AUTOMOBILES — INSURANCE — NO FAULT — MEDICAL COVERAGE — DEATH — DISFIGUREMENT — IMPAIRMENT OF BODY FUNCTION — STATUTES.

Medical expenses are payable without limit under a section of the no-fault automobile insurance law; an injured person is protected without limit except for death, permanent serious disfigurement or serious impairment of body function (MCL 500.3107; MSA 24.13107).

4. AUTOMOBILES — INSURANCE — NO FAULT — TORTS — DAMAGES — RECOVERY BY INSURER.

An insurer is entitled to reimbursement from a tort recovery by an insured under the no-fault automobile insurance law only to the extent that the tort recovery includes damages for which the insurer paid benefits.

5. STATUTES — REPEAL BY IMPLICATION — LEGISLATIVE INTENT.

Repeal of a statute by implication is not favored by the courts and an implied repeal is found to have occurred only upon a clear showing of legislative intent.

6. STATUTES — CONSTRUCTION.

All words, phrases, clauses and sections of a statute are to be considered in construing the statute.

7. AUTOMOBILES — INSURANCE — NO FAULT — ECONOMIC AND NONECONOMIC LOSSES.

A primary concern of the no-fault automobile insurance law is the quick and full payment for certain economic losses rather than payment for all losses, economic or noneconomic.

8. STATUTES — CONSTRUCTION — ADMINISTRATIVE INTERPRETATION.

Construction of a statute by those charged with administration

thereof is given great weight and that construction is not to be overruled without the most cogent of reasons.

9. STATUTES — CONSTRUCTION — SUBSEQUENT AMENDMENTS — LEGISLATIVE INTENT.

A subsequent amendment may be used to make clear the legislative intent of a statute as first enacted where uncertainty of legislative intent exists in the statute.

*Lopatin, Miller, Bindes, Freedman & Bluestone* (by *Michael Gagleard),* for plaintiff.

*Eggenberger, Eggenberger, McKinney & Weber,* for defendant.

Before: M. F. CAVANAGH, P.J., and BASHARA and ALLEN, JJ.

ALLEN, J. This case involves the construction of § 3131 of Michigan's no-fault insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* as that section was worded prior to its amendment October 17, 1978.[1] Defendant insurer contends that under said section the amount of residual liability coverage is limited to $20,000—that being the amount of coverage provided in the insurance policy. Plaintiff claims that prior to the amendment of October 17, 1978, § 3131 called for residual liability coverage without any dollar limit and by implication repealed the $20,000/$40,000 limitations contained in the financial responsibility act, MCL 257.520; MSA 9.2220, and § 3009 of the Insurance Code, MCL 500.3009; MSA 24.13009.

[1] Section 3131 was amended by 1978 PA 460 effective October 17, 1978. As amended, the statute makes clear that for accidents occurring in Michigan, liability coverage need not exceed the minimum coverages required by § 3009 of the Insurance Code. Thus, for practical purposes, our decision in this case only affects liability coverage for accidents occurring during the approximate five-year period between the date the no-fault act took effect, October 1, 1973, and the date of the amendment, October 17, 1978.

In an opinion delivered from the bench on July 22, 1977, Judge Horace Gilmore adopted defendant's interpretation of the statute and, on August 3, 1977, granted defendant's motion for summary judgment. It is from entry of that judgment that plaintiff appeals.

The judgment grew out of a June 23, 1975, automobile accident in which plaintiff's son, David Paul Ziehm, a passenger in an automobile operated by Raymond Anthony Beaufait, was killed. The automobile was insured by defendant State Farm Mutual Insurance Company under a policy containing the standard limitations of $20,000 for injury to one person in one accident or $40,000 for injury to two or more persons in one accident. Said amounts are the minimum amounts of liability coverage required under Michigan's financial responsibility act, *supra,* and Insurance Code, *supra.* At trial the parties stipulated that if the trial court found the limitation to be valid, plaintiff would accept in full settlement the $20,000 defendant had already paid him. On the other hand, if the court found that § 3131 required residual liability coverage to be without dollar limit, defendant agreed to pay an additional $60,000 in settlement of the lawsuit against Beaufait.

The issue raised is of first impression and of considerable significance to the insurance industry and the practicing bar. Therefore, plaintiff's excellently presented argument will be responded to in detail. Until its amendment in October, 1978, § 3131 read as follows:

"Residual liability insurance shall cover bodily injury and property damage which occurs within the United States, its territories and possessions or in Canada. This insurance shall afford coverage equivalent to that required as evidence of automobile liability insurance

under the financial responsibility laws of the place in which the injury or damage occurs. In this state this insurance shall afford coverage for automobile liability retained by section 3135." MCL 500.3131; MSA 24.13131.

Section 3135 reads in part:

"A person remains subject to tort liability for noneconomic loss caused by his ownership, maintenance or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function or permanent serious disfigurement." MCL 500.3135; MSA 24.13135.

Plaintiff begins his argument by noting that in *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 476; 208 NW2d 469 (1973), the Supreme Court itself stated that certain portions of the Insurance Code were repealed by implication by passage of Michigan's no-fault law. An obvious example is the repeal of the $10,000 property limitation contained in § 3009 of the Insurance Code by reason of the new property damage limitations set forth in the no-fault act, MCL 500.3121; MSA 24.13121.[2] Ergo, says plaintiff, it is equally logical to conclude that no-fault also repealed the $20,000/$40,000 personal injury limitations contained in § 3009. We disagree. The $10,-000 property limitation was in effect repealed by the contradictory property limitation provisions set forth in § 3121 of the no-fault legislation[3]

---

[2] In *Shavers v Attorney General,* 402 Mich 554, 630; 267 NW2d 72 (1978), it is clear that the § 3009 Insurance Code provisions relating to property were changed by no-fault.

[3] "Property protection insurance benefits consist of the lesser of reasonable repair costs or replacement costs less depreciation and, where applicable, the value of loss of use. However, property protection insurance benefits paid under 1 policy for damage to all tangible property arising from 1 accident shall not exceed $1,000,000." MCL 500.3121(5); MSA 24.13121(5).

whereas no section of the no-fault statute contains similar provisions contradictory to the $20,000/$40,000 bodily injury limitations. In our opinion, legislative silence, *viz.*—the failure of the Legislature to state any contradictory or new bodily limitations—leads us to conclude that the Legislature intended the existing limitations to continue for the residual personal injury tort liability remaining under no-fault.

Next, plaintiff argues that it makes no sense for the Legislature to raise the old $10,000 property damage limitation to $1,000,000, and still continue the $20,000/$40,000 limitation on people. This, argues plaintiff, is incongruous in a state whose Legislature has traditionally been more concerned with giving adequate protection to people as opposed to property. The argument is flawed because it implies that personal protection benefits are in no way expanded under no-fault. The reverse is true. Under § 3107 of the no-fault statute, medical expenses are payable without limit. The injured person is protected without limit except for death, permanent serious disfigurement or serious impairment of body function. Consequently, under no-fault insurance an injured person enjoys greater protection than before.

Next, plaintiff contends that § 3116 of the no-fault statute is indicative of a legislative intent to remove all dollar limits on residual tort liability of the insurer. Plaintiff construes that section as providing that when an injured party effects a recovery from the tortfeasor, the injured party must repay his own insurer for any sums the injured party has received from his own insurer. Under this interpretation of the statute, if the pot at the end of the rainbow is limited to $20,000 and, if during the period of the lawsuit, the in-

jured party has received $20,000 from his own insurance carrier, then the injured party would receive nothing. An alternative construction was given § 3116 by the trial court in *Shavers, supra.* There, the trial court construed the section as requiring reimbursement only if the recovery from the tortfeasor included the specific losses which were actually paid by the injured party's own insurer. For example, if recovery from the tortfeasor was entirely for noneconomic losses, the injured party would not have to reimburse his own insurer for sums received for economic losses such as medical expenses and lost wages. The Court of Appeals and the Supreme Court found it unnecessary to decide which was the proper interpretation.[4] However, subsequent to oral argument of the instant case, the Supreme Court decided *Workman v Detroit Automobile Inter-Insurance Exchange,* 404 Mich 477; 274 NW2d 373 (1979). That opinion concluded that an insurer is entitled to reimbursement from a tort recovery only to the extent that the tort recovery includes damages for which the insurer paid benefits. Hence, the Supreme Court adopted the alternative construction and rejected plaintiff's interpretation.

After the no-fault act was successfully passed, Senator Derenzinski sought to add a new section, § 3131a, which would remove the possibility that § 3131 could be interpreted as requiring unlimited coverage of residual liability.[5] The bill did not

---

[4] *Shavers v Attorney General,* 65 Mich App 355, 361; 237 NW2d 325 (1975), *Shavers v Attorney General,* 402 Mich 554, 592; 267 NW2d 72 (1978).

[5] The bill was introduced in the Senate on January 22, 1976, and was passed in the Senate by an overwhelming vote on October 7, 1976, and sent to the House where it was referred to the House Insurance Committee. The House Legislative Analysis Section submitted a bill analysis on November 16, 1976, which, after referring to the $20,000/$40,000 bodily injury limitations in the Insurance Code, concluded by stating "The bill would clarify the no-fault statute by

emerge from the committee to which it was reported in the House of Representatives and plaintiff argues that the refusal to report indicates a legislative intent that the residual coverage be unlimited. Again we disagree. Given the fact that the House staff expressly reported that the bill would only clarify legislative intent to retain the $20,000/$40,000 limitations in the Insurance Code, a more logical explanation for the failure of the bill to emerge from committee would be a legislative belief that such language was not necessary.

Having raised and rejected the principal arguments offered by plaintiff—a process in which we have spoken negatively—we now turn to affirmatively set forth the sound reasons in support of our decision.

*First,* the imposition of unlimited coverage for residual liability would be a dramatic change from the status quo. Yet, nowhere is § 520 of the financial responsibility act or § 3009 of the Insurance Code repealed, nor as in the case of the former $10,000 property damage limitations is there a § 3121-type section setting forth contradictory or new limitations. Had the Legislature intended so sweeping a change from well-established limitations it would, in our opinion, have done so in precise language. So major a change requires more than inferences. To succeed, plaintiff must establish a repeal by implication of § 520 and § 3009. Repeal by implication is not favored by the courts and is found to have occurred only upon a clear showing of legislative intent. *Yarger v City of Hastings,* 375 Mich 413; 134 NW2d 726 (1965), *Covert Twp Assessor v State Tax Commission,* 53 Mich App 300; 218 NW2d 807 (1974).

---

incorporating these minimum dollar amounts of liability coverage into the statute." The bill was never reported out by the committee.

*Second,* to conclude that the Legislature intended unlimited residual coverage ignores the second sentence of § 3131. We read that sentence as covering all of the United States *including Michigan.* Plaintiff's proposed interpretation of § 3131 zeroes in on the third sentence of § 3131 and excludes the second sentence by erroneously construing it to exclude Michigan. However, in construing a statute, all of its sections are to be considered. *Sanchick v State Board of Optometry,* 342 Mich 555, 559; 70 NW2d 757 (1955). No phrase, clause or word of a statute should be ignored in construing it. *Melia v Employment Security Commission,* 346 Mich 544, 562; 78 NW2d 273 (1956).

*Third,* to conclude that in enacting the no-fault statute the Legislature intended to provide full compensation for noneconomic losses is contrary to the legislative intent as found by the Supreme Court in *Shavers v Attorney General, supra* at 578-579. There, the Court stated:

"The goal of the no-fault insurance system was to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for *certain economic losses.*" (Emphasis supplied.)

Quick and full payment for "certain economic losses" rather than payment for all losses, economic or noneconomic, was the primary concern of the no-fault statute. Another frequently stated purpose of the act was the reduction of insurance costs. Clearly, removal of the $20,000/$40,000 limits contained in the Insurance Code and financial responsibility act, would tend to increase rather than decrease costs.

*Fourth,* plaintiff's interpretation of the statute is contrary to that of the insurance commissioner.

Between the date no-fault was enacted on October 31, 1972, and its effective date October 1, 1973, the insurance commissioner appointed a law committee to respond to certain questions posed by the insurance industry. That committee submitted an opinion that under § 3131 residual coverage was without dollar limits. In response to that opinion the insurance commissioner issued a bulletin dated April 6, 1973, that residual insurance would be limited to the amounts specified in § 3009 of the Insurance Code. Such has been the consistent interpretation by the insurance commissioner from that date forward. Construction of a statute by those charged with administration thereof is given great weight and is not to be overruled without the most cogent of reasons. *Lane v Dep't of Corrections, Parole Board,* 383 Mich 50, 56; 173 NW2d 209 (1970), *Borden, Inc v Dep't of Treasury,* 391 Mich 495, 516; 218 NW2d 667 (1974).

*Fifth,* following enactment of no-fault the Legislature repealed §§ 3010 and 3011 of the Insurance Code but declined to make changes in § 3009 of the Insurance Code or change the provisions of § 520 of the financial responsibility act.

*Sixth,* our interpretation of § 3131 as not repealing § 3009 of the Insurance Code or § 520 of the financial responsibility act gains credence from the legislative intent expressed, upon amendment of that section of 1978 PA 460 effective October 17, 1978.[6] That amendment was introduced on the House side by Representative McNeely. Accompanying the bill was a House legislative analysis clearly stating that any sections of the no-fault legislation as first enacted which seemingly implied repeal of the statutory $20,000/$40,000 limitations "were not intended to convey that implica-

---

[6] *See* footnote 1.

tion and this should be made clear".[7] Where, as here, it is acknowledged that uncertainty exists in a statute, a subsequent amendment may be deemed to have intended to make clear the legislative intent of the statute as first enacted. *Michigan Consolidated Gas Co v Dep't of Treasury,* 72 Mich App 426, 437; 250 NW2d 85 (1976).

For the foregoing reasons we conclude that the trial court did not err in determining that § 3131 of the no-fault statute did not repeal by implication § 3009 of the Insurance Code or § 520 of the financial responsibility act.

Affirmed, no costs, a public question being involved.

---

[7] "The statutory minimums of $20,000 for the death or injury of 1 person and $40,000 for the death or injury to 2 or more persons are meant to limit an insurance company's liability. While a company may choose to sell coverage with higher dollar amounts the fact remains that it is the intent of the law that there be limitations on the amount of residual coverage provided. *Those sections of the law which in combination seem to imply otherwise were not intended to convey that implication and this should be made clear."* (Emphasis supplied.) Analysis—H.B. 5924 (2-13-78).