ROCCO v DEPARTMENT OF MENTAL HEALTH

Docket No. 55334. Submitted October 7, 1981, at Lansing.—Decided
April 6, 1982.

James L. Rocco, for himself and as personal representative of the
estate of Daniel Rocco, deceased, and Judith L. Rocco brought
an action for damages against the Michigan Department of
Mental Health, the Michigan Department of Social Services,
and the Ypsilanti Regional Psychiatric Hospital as a result of
the killing of Daniel Rocco, while a patient in the hospital, by
another patient. The plaintiffs alleged negligence in defendants'
failure to take steps to protect the decedent from attack by
violent patients and breach of implied contract in that the
plaintiffs had paid for the care and treatment of the decedent
and that the defendants' failure to protect the decedent from
harm was a breach of the contract for care. The Court of
Claims, Jack W. Warren, J., granted defendants' motion for
summary judgment on the basis of governmental immunity.
Plaintiffs appeal. *Held:*

1. The operation of a state mental hospital is a governmental
function and the hospital, therefore, is immune from tort
liability. The statute which proscribes abuse of mental patients
and provides for civil remedies in cases of abuse does not repeal
by implication the statutory grant of immunity nor does it
create an exception to the immunity statute in a case where
one patient attacks another. Summary judgment was properly
granted on the negligence claim.

2. Governmental immunity does not bar the plaintiffs' claim
of breach of implied contract, if satisfactory proofs can be
shown of the existence of such a contract and a breach thereof.

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading § 230 *et seq.*
[2, 5, 6, 8] 40 Am Jur 2d, Hospitals and Asylums §§ 2, 20-24.
   Immunity from liability for damages in tort of state or government
      unit or agency in operating hospital. 25 ALR2d 203.
[3, 5] 73 Am Jur 2d, Statutes §§ 393-395, 397.
[4] 73 Am Jur 2d, Statutes §§ 145, 146.
[7, 8] 17 Am Jur 2d, Contracts §§ 3, 4, 18-20.

The contract claim is not a mere restatement of the negligence claim. Summary judgment on the contract claim was improper.

Affirmed in part, reversed in part.

ALLEN, P.J., would hold that both counts of the plaintiffs' complaint are subject to the defense of governmental immunity from tort liability. He would hold that the plaintiffs failed to set forth a claim of implied contract but merely restated their negligence claim, alleging the identical wrongful conduct in each count, and that they should not be able to avoid immunity by simply calling the allegedly negligent conduct a breach of implied contract. He would affirm.

OPINION OF THE COURT

1. JUDGMENTS — SUMMARY JUDGMENTS — FAILURE TO STATE CLAIM.

A motion for summary judgment for failure to state a claim upon which relief may be granted is tested by the pleadings alone and the motion tests only the legal basis of the complaint; the court assumes as true the plaintiff's factual allegations and any conclusions reasonably drawn therefrom and the motion should be denied unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover (GCR 1963, 117.2[1]).

2. GOVERNMENTAL IMMUNITY — MENTAL HOSPITALS — STATUTES.

The operation of a state mental hospital is a governmental function; therefore, a state mental hospital is immune from liability for alleged negligence (MCL 691.1407; MSA 3.996[107]).

3. STATUTES — REPEAL OF STATUTES BY IMPLICATION.

Repeal of a statute by implication is not favored in the law; to establish a repeal by implication a clear legislative intent to repeal must be demonstrated, with the burden of establishing the repeal on the party claiming repeal.

4. STATUTES — JUDICIAL CONSTRUCTION.

The cardinal rule of statutory construction is to ascertain and give effect to the intention of the Legislature as determined from consideration of all the provisions of the statute in question and considering the provision in question in light of the general purpose sought to be accomplished or the evil sought to be remedied by the statute.

5. GOVERNMENTAL IMMUNITY — MENTAL HOSPITALS — ABUSE OF PATIENTS.

The statute which provides for civil relief for patients in mental hospitals who are abused does not repeal by implication the

statute providing immunity from tort liability to the operation of a state mental hospital nor does it abolish that immunity in a case where a patient is attacked by another patient (MCL 330.1722; MSA 14.800[722]).

6. Governmental Immunity — Tort Liability — Contracts.

The governmental immunity statute grants immunity to governmental agencies from tort liability only and does not grant immunity from contract claims (MCL 691.1407; MSA 3.996[107]).

7. Contracts — Implied Contract.

An implied contract exists where one engages or accepts beneficial services of another for which compensation is customarily made and naturally anticipated.

Partial Concurrence and Partial Dissent by Allen, P.J.

8. Governmental Immunity — Implied Contract — Negligence.

*Alleged wrongful conduct of a state mental hospital and its medical personnel should not be allowed to be the basis for a claim of breach of an implied contract where liability for the identical conduct is denied as subject to governmental immunity in a negligence count.*

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Bettye S. Elkins* and *James M. Cameron, Jr.),* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Alan Hoffman,* Assistants Attorney General, for defendants.

Before: Allen, P.J., and M. J. Kelly and J. J. Kelley,* JJ.

M. J. Kelly, J. On January 7, 1980, plaintiffs' decedent, Daniel Rocco, was a resident patient of the Ypsilanti Regional Psychiatric Hospital (hospital). That night, while he was sleeping in his hospital bed, Rocco was murdered by another pa-

* Circuit judge, sitting on the Court of Appeals by assignment.

tient. The murderer was Andrew Higginbotham, a patient who had a history of violence and assaultive behavior.

Plaintiffs filed a complaint in the Court of Claims against two state agencies (the Department of Social Services and the Department of Mental Health) which supervise the administration of the hospital, and the hospital. The state agencies and hospital are hereinafter referred to as defendants. The complaint consisted of two counts. Count I alleged negligence in that defendants failed to take steps to protect the decedent from attack by violent patients in the hospital. Specifically, plaintiffs alleged that defendants breached their duty of care and committed malpractice in that they were aware of Higginbotham's violent and criminal tendencies, yet placed him unrestrained and unsupervised in the same ward with the decedent. Count II alleged breach of implied contract, averring that plaintiffs agreed to and did in fact pay for the care and treatment of the decedent but that defendants breached their contractual duty by failing to protect the decedent from harm and abuse by other patients at the hospital.

Defendants brought a motion for summary judgment, GCR 1963, 117.2(1), claiming immunity from suit under MCL 691.1407; MSA 3.996(107). Defendants urged that they were immune from the tort claim embodied in Count I. They further contended that Count II, alleging breach of implied contract, should be dismissed because it merely restated Count I's claim of negligence. Plaintiffs responded that MCL 330.1722; MSA 14.800(722), 1974 PA 258, creates an exception from immunity because it expressly authorizes abused mental patients to pursue "appropriate civil relief".

On December 5, 1980, after hearing argument,

the trial court issued its opinion from the bench, granting the motion for summary judgment and dismissing the complaint. An order to that effect was entered the same day. Plaintiffs appeal from that order as of right, GCR 1963, 806.1.

Motions for summary judgment under GCR 1963, 117.2(1) are to be tested by the pleadings alone. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974), *lv den* 391 Mich 816 (1974). The motion tests the legal basis of the complaint, not whether it can be factually supported. *Partrich v Muscat,* 84 Mich App 724, 729; 270 NW2d 506 (1978). This Court assumes as true the plaintiffs' factual allegations as well as any conclusions reasonably drawn therefrom. *Rubino v Sterling Heights,* 94 Mich App 494, 497; 290 NW2d 43 (1979). Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under GCR 1963, 117.2(1) should be denied. *Id.*

## I

Initially, plaintiffs argue that the trial court erred when it found that defendants were protected by governmental immunity. MCL 691.1407; MSA 3.996(107) reads:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."

The operation of a state mental hospital is a governmental function; therefore the hospital is

immune from liability in actions alleging negligence. *Perry v Kalamazoo State Hospital,* 404 Mich 205, 212, 214; 273 NW2d 421 (1978), *app dis* 444 US 804 (1979), *Fuhrmann v Hattaway,* 109 Mich App 429; 311 NW2d 379 (1981), *Allen v Dep't of Mental Health,* 79 Mich App 170, 173; 261 NW2d 247 (1977).

However, plaintiffs claim that MCL 330.1722; MSA 14.800(722) abolishes governmental immunity where a patient in a mental hospital is abused. The statute states:

"(1) A recipient of mental health services shall not be physically, sexually, or otherwise abused.

"(2) The governing body of each facility shall adopt written policies and procedures designed to protect recipients of mental health services from abuse and to prevent the repetition of acts of abuse. The policies and procedures shall more particularly define abuse, shall provide a mechanism for discovering instances of abuse and for reviewing all charges of abuse, shall ensure that firm and appropriate disciplinary action is taken against those who have engaged in abuse, and shall contain those additional provisions deemed appropriate by the governing body.

"(3) A facility shall cooperate in the prosecution of appropriate criminal charges against those who have engaged in unlawful abuse.

"(4) Any recipient of mental health services physically, sexually, or otherwise abused shall have a right to pursue injunctive and other appropriate civil relief."

According to plaintiffs, subsection (4) of the statute repeals the governmental immunity of a state mental hospital where the patient has been abused.

Repeals by implication are not favored in the law. *Flynn v City of Fraser,* 45 Mich App 346, 349-350; 206 NW2d 448 (1973). To establish a repeal by

implication, a clear legislative intent to repeal must be demonstrated. *Ziehn v State Farm Mutual Automobile Ins Co,* 88 Mich App 576, 583; 278 NW2d 678 (1979). The burden of establishing the repeal is on the party claiming repeal. *Flynn, supra,* 350. MCL 330.1722; MSA 14.800(722) does not contain any words of repeal and does not evidence an intent to repeal MCL 691.1407; MSA 3.996(107).

Plaintiffs also argue that MCL 330.1722; MSA 14.800(722) was enacted to prevent patient abuse in mental hospitals. According to plaintiffs, the statute was intended to place patient abuse outside the realm of governmental function as that term is used in MCL 691.1407; MSA 3.996(107).

The cardinal rule of statutory construction is to ascertain and give effect to the intention of the Legislature. *White v Ann Arbor,* 406 Mich 554, 562; 281 NW2d 283 (1979), *May v Leneair,* 99 Mich App 209, 215; 297 NW2d 882 (1980). The legislative intent must be determined from considering all the provisions of the statute in question. *Braden v Spencer,* 100 Mich App 523, 530; 299 NW2d 65 (1980). The provision in question is to be considered in light of the general purpose sought to be accomplished or the evil sought to be remedied by the statute. *White, supra,* 562.

MCL 330.1700 *et seq.;* MSA 14.800(700) *et seq.,* enumerates certain rights possessed by recipients of mental health services. The statute's purpose is to ensure that patients are treated in a humane manner and that their privacy is maintained. The statute focuses on the duty of the health care facility towards its patients. None of the sections discusses the rights and responsibilities between patients. The statute's primary purpose is to protect the patient from certain abuses by the mental

health facility or its staff. When this purpose is read into MCL 330.1722; MSA 14.800(722), it is clear that this provision was meant to prevent the staff of a mental health care facility from abusing the patients in its care. It was not the intention of the Legislature to abolish governmental immunity in those cases where one patient attacks another.

MCL 691.1407; MSA 3.996(107) grants governmental immunity to state mental hospitals. Because no exception to this statute exists where one patient attacks another, the trial court did not err when it granted summary judgment on Count I of plaintiffs' complaint.

## II

Plaintiffs also argue that the trial court erred when it dismissed Count II of their complaint. In Count II of their complaint, plaintiffs alleged that they contracted with the hospital for their son's care. Although no written contract existed, plaintiffs argue that an implied contract was created when they paid for the services rendered to their son.

MCL 691.1407; MSA 3.996(107) speaks only to immunity from tort liability and does not grant immunity from contract claims. *Ross v Consumers Power Co,* 93 Mich App 687, 691; 287 NW2d 319 (1979), *lv gtd* 408 Mich 959 (1980). An implied contract exists where one engages or accepts beneficial services of another for which compensation is customarily made and naturally anticipated. *Miller v Stevens,* 224 Mich 626, 632; 195 NW 481 (1923), *Rockwell & Bond, Inc v Flying Dutchman, Inc,* 74 Mich App 1, 6; 253 NW2d 368 (1977). The existence of an implied contract, of necessity turning on inferences drawn from facts and circum-

stances, involves questions of fact. *Erickson v Goodell Oil Co, Inc,* 384 Mich 207, 212; 180 NW2d 798 (1970).

Plaintiffs' complaint alleges that a contract existed and was breached by the failure of the hospital personnel to exercise due care. Paragraph 13 of the complaint follows:

"13. Further as a result of said holding out and of defendants' holding out to the citizens of this state that said hospital was a state institution specializing in the care and treatment of citizens of this state suffering mental disorders or diseases, a specialization particularly suited to and dominated by the state, plaintiffs contracted and agreed with defendants for the care and treatment of Daniel Rocco and paid valuable consideration therefore *[sic]*, both as citizens and on private and individual bases."

The existence of the contract depends upon the factual development of plaintiffs' claim that they paid for the services rendered to their son. If plaintiffs present satisfactory proofs establishing a contract and a breach of the contract, they would be entitled to recover because governmental immunity does not bar their contract action. In answer to defendants' counter-argument claiming plaintiffs' contract claim is merely a restatement of their tort claim, we note a split between panels. One panel of this Court has affirmed a trial court's grant of summary judgment where a plaintiff's contract claim merely restates a tort claim which is barred by MCL 691.1407; MSA 3.996(107). *Raines v City of Flint,* 80 Mich App 293, 294-295; 263 NW2d 54 (1977), *rev'd on other grounds* 406 Mich 865 (1979). Another panel of this court has reversed a trial court's grant of summary judgment of a plaintiff's contract claim noting that the

immunity statute does not bar contract claims. *Ross, supra,* 691.

We hold that plaintiffs' complaint states a valid cause of action for breach of contract and is not a mere restatement of their tort action. Plaintiffs' contract claim is not barred by the governmental immunity statute, and the trial court erred when it granted summary judgment on Count II of plaintiffs' complaint.

The trial court's decision on the contract claim is reversed.

J. J. Kelley, J., concurred.

Allen, P.J. *(dissenting).* I agree with the majority that as to Count I defendants are protected by governmental immunity. I cannot agree that Count II sets forth a claim of implied contract, thus removing plaintiffs' action from the defense of governmental immunity.

In my opinion, Count II is merely a restatement of Count I. I find nothing pled which makes Count II different than Count I, except to call negligence a contract. The alleged wrongful acts of the hospital and its medical personnel are identical. To give identical conduct immunity in one count and to deny it in another count doesn't make sense. It makes a mockery out of *Perry v Kalamazoo State Hospital,* 404 Mich 205, 212; 273 NW2d 421 (1978), *app dis* 444 US 804 (1979). Under the majority opinion, all one need do to circumvent immunity conferred upon state mental hospitals by the Legislature is to plead implied contract.

As was stated by Judge Timothy Quinn in *Raines v City of Flint,* 80 Mich App 293, 295; 263 NW2d 54 (1977):

"It is apparent that whether the action is negligence

or contract, the claimed liability rests on the alleged failure of medical personnel to exercise due care. Under the reasoning of *Howell v Outer Drive Hospital,* 66 Mich App 142; 238 NW2d 553 (1975), Count II is redundant and does not qualify as an exception to the doctrine of governmental immunity."

See also *Howell v Outer Drive Hospital,* 66 Mich App 142; 238 NW2d 553 (1975). I would affirm.