PEOPLE v POLLARD

PEOPLE v CLARK

Docket Nos. 74075, 74134. Submitted August 23, 1984, at Detroit.—
    Decided January 14, 1985.

    Defendants, Michael A. Pollard and Kevin D. Clark, were con-
    victed of three counts of first-degree criminal sexual conduct,
    Recorder's Court of Detroit, Craig S. Strong, J. Pollard was also
    convicted of one count of felony-firearm. Each defendant ap-
    pealed and the Court of Appeals consolidated the appeals. The
    complainant testified to the following. She was partying with
    friends late one evening, and defendants were present. Defen-
    dant Clark invited her and two other friends to his house for
    drinks. At some point defendant Clark pulled her into the
    bedroom, flipped her onto the floor, and placed his knees on her
    shoulders. Defendant Pollard and one Charles Jones then came
    into the room and ripped her pants off. First defendant Pollard
    raped her, while Clark and Jones watched. Clark then left the
    room, and came back with a pistol, which he held over her
    head while Jones raped her. As she screamed, Clark told her to
    shut up or he would kill her. She passed out for a moment.
    Finally, Clark raped her, then left her. The complainant had a
    gash on her head and scratches on her neck and hand. Both
    defendants were charged with one count of sexual penetration
    while being aided and abetted by others, and using force or
    coercion, and two counts of sexual penetration while armed
    with a weapon or an article used or fashioned in a manner to
    lead a person to reasonably believe it to be a weapon, or
    alternatively, sexual penetration while being aided or abetted
    by others and using force or coercion. Defendants argue on
    appeal that it was improper to convict them of three counts of
    criminal sexual conduct when each defendant committed only
    one act of sexual penetration. *Held:*
        There were three acts of sexual penetration. Each defendant

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 393-396.
[2] 21 Am Jur 2d, Criminal Law §§ 167, 175, 178.
    65 Am Jur 2d, Rape § 28.
[3] 73 Am Jur 2d, Statutes § 194.

committed one act of sexual penetration and then assisted two others in acts of sexual penetration. A person may properly be convicted of aiding and abetting first-degree criminal sexual conduct even though one of the aggravating circumstances making the act first-degree instead of third-degree is that the actor was aided and abetted by one or more other parties.

Affirmed.

1. STATUTES — REPEAL OF STATUTES BY IMPLICATION.

Repeal of a statute by implication is not favored in the law; to establish a repeal by implication a clear legislative intent to repeal must be demonstrated, with the burden of establishing the repeal on the party claiming repeal.

2. RAPE — AIDING AND ABETTING — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT.

A person may properly be convicted of aiding and abetting first-degree criminal sexual conduct even though one of the aggravating circumstances making the act first-degree instead of third-degree is that the actor was aided and abetted by one or more others (MCL 750.520b[1], 767.39; MSA 28.788[2][1], 28.979).

3. STATUTES — JUDICIAL CONSTRUCTION.

Judicial construction of a statute based on an analysis of legislative intent is neither required nor permitted where the words of the statute are clear and unambiguous.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Carolyn Schmidt* and *A. George Best, II,* Assistants Prosecuting Attorney, for the people.

*Robert E. Slameka* for defendant Pollard.

*Norman R. Robiner* for defendant Clark.

Before: SHEPHERD, P.J., and MACKENZIE and P. NICOLICH,* JJ.

PER CURIAM. In this consolidated action, both

* Circuit judge, sitting on the Court of Appeals by assignment.

defendants were charged with three counts of criminal sexual conduct in the first degree, MCL 750.520b(1); MSA 28.788(2)(1), and one count of possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). After a jury trial, both defendants were found guilty on all three criminal sexual conduct charges; defendant Clark was found not guilty of the felony-firearm charge. Each defendant was sentenced to 5 to 15 years on each of the three counts, to run concurrently. Both defendants now appeal as of right.

The complainant testified to the following. She was partying with friends late one evening, and defendants were present. Defendant Clark invited her and two other friends to his house for drinks. At some point defendant Clark pulled her into the bedroom, flipped her onto the floor, and placed his knees on her shoulders. Defendant Pollard and one Charles Jones then came into the room and ripped her pants off. First defendant Pollard raped her, while Clark and Jones watched. Clark then left the room, and came back with a pistol, which he held over her head while Jones raped her. As she screamed, Clark told her to shut up or he would kill her. She passed out for a moment. Finally, Clark raped her, then left her. The complainant had a gash on her head and scratches on her neck and hand.

Both defendants were charged with one count of sexual penetration while being aided and abetted by others, and using force or coercion, and two counts of sexual penetration while armed with a weapon or an article used or fashioned in a manner to lead a person to reasonably believe it to be a weapon, or alternatively, sexual penetration while being aided or abetted by others and using force or coercion.

Defendants argue on appeal that it was im-

proper to convict them of three counts of criminal sexual conduct when each defendant only committed one act of sexual penetration. Defendants rely on *People v Willie Johnson,* 406 Mich 320; 279 NW2d 534 (1979), in which the Supreme Court ruled that, although a sexual penetration is accompanied by more than one of the aggravating circumstances enumerated in the statute, it may give rise to only one criminal charge for purposes of trial, conviction, and sentencing. Defendant Clark additionally points out that the aiders and abettors statute, MCL 767.39; MSA 28.979, was enacted well before the criminal sexual conduct statute, 1974 PA 266, rendering the aiders and abettors statute inapplicable as to first-degree criminal sexual conduct.

The statute prohibiting first-degree criminal sexual conduct provides in pertinent part:

"Sec. 520b. (1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:

\* \* \*

"(d) The actor is aided or abetted by 1 or more other persons and either of the following circumstances exists:

"(i) The actor knows or has reason to know that the victim is mentally incapable, mentally incapacitated, or physically helpless.

"(ii) The actor uses force or coercion to accomplish the sexual penetration. \* \* \*

"(e) The actor is armed with a weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon.

"(f) The actor causes personal injury to the victim and force or coercion is used to accomplish sexual penetration."

The aiding and abetting statute states:

"Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense."

We find nothing in the statutes or in *Johnson, supra,* which would compel us to reduce defendants' convictions from three to one. In *Johnson* and its companion case, there was only one defendant and only one rape. In this case, there were three rapes: each defendant raped the complainant, then aided and abetted while the other two raped her. Had only one defendant raped the complainant while the other two assisted, *Johnson* would stand for the proposition that it would be improper to charge any of the defendants with more than one count of criminal sexual conduct, even though more than one of the aggravating circumstances was present—*e.g.,* the actor was aided and abetted by others, force or coercion was used, the actor had a weapon, the actor injured the victim. In this case, however, each defendant raped the complainant, then assisted two others in raping her. Each defendant committed three criminal acts and was rightly prosecuted for them.

Defendant Clark advances no reason to render the aider and abettor statute inapplicable to first-degree criminal sexual conduct. Repeals by implication are not favored in the law. *Rocco v Dep't of Mental Health,* 114 Mich App 792; 319 NW2d 674 (1982). The burden of establishing repeal is on the party claiming repeal. *Id.* Defendant Clark points out that the criminal sexual conduct statute was enacted after the aiding and abetting statute, but this argues against defendant Clark's position: it suggests the Legislature knew of the aiding and

abetting statute and would have somehow indicated that criminal sexual conduct should be exempt, had it so desired. Instead, nothing in the criminal sexual conduct statute hints at its exemption from the aiding and abetting statute. While one of the aggravated circumstances making the act first-degree instead of third-degree is that the actor was aided and abetted by one or more other persons, that is irrelevant to the issue of prosecution for aiding and abetting.

Defendant Clark asserts that his argument is based not on any constitutional grounds, such as double jeopardy, but simply on legislative intent. However, if the words of a statute are clear and unambiguous, judicial construction based on an analysis of legislative intent is neither required nor permitted. *Perry v Sturdevant Manufacturing Co,* 124 Mich App 11, 15; 333 NW2d 366 (1983).

Affirmed.